JANE P. O'BRIEN, an Infant, by CATHERINE S. O'BRIEN, Her Guardian ad Litem, Appellant, Respondent, *v.* HENDRICK HUDSON GARAGE, INC., Respondent, Appellant.

JOHN J. O'BRIEN, Appellant, Respondent, *v.* HENDRICK HUDSON GARAGE, INC., Respondent, Appellant.

Third Department, April 28, 1937.

*Abbott H. Jones* [*Donald S. Taylor* of counsel], for the plaintiffs.

*Murphy, Aldrich, Guy & Broderick* [*John H. Broderick* and *Morris Simon* of counsel], for the defendant.

PER CURIAM. An appeal has been taken in each of these actions from an order setting aside a verdict in favor of the plaintiff and directing a new trial. The plaintiffs are father and daughter. During the evening of March 3, 1935, while walking southerly on the easterly sidewalk of Second street near Division street in Troy, they were struck by an automobile which ran up on the sidewalk, thrown against and through a large plate-glass window, and received serious and permanent injuries. Substantial verdicts were awarded by the jury. The automobile was being driven by one Hall. He had leased it shortly before at defendant's garage. His version is that he brought the car to a stop on Division street before making a left turn into Second street, started up, turned the steering wheel, and, after making the turn into Second street, the steering gear locked and he was unable to straighten up the car, which ran up on the sidewalk and struck plaintiffs. He says that the surface of the street was covered with ice, that he applied the brakes, but this did not retard the car sufficiently to prevent the accident. The evidence sustains the assertion that the steering device, because of lack of lubrication, did not function properly. Two mechanics testified that there was no grease in the steering gears, one of them saying: " Q. What effect would that have on the steering apparatus? A. It would have several effects. One of them would be, the car would not readily return after turning a sharp corner, and a good many times it would freeze there; in other words, it would lock." The father of the operator of the car says that he drove a short distance during the early evening and experienced difficulty in turning the wheel. The case was submitted to the jury in a clear,

concise charge. No exception was taken by either party to the court's statement of the law.

The theory of the plaintiffs is that a Mrs. Blanchard kept her cars at the garage under defendant's agreement that it would care for, lubricate and lease them; that defendant held itself out as being in the business of leasing cars to be driven personally by the lessee, and that the injuries were caused through defendant's negligence in failing to lubricate and care for the car leased to Hall. In opposition, defendant contends that it had no agreement with Mrs. Blanchard concerning the car other than to furnish storage, and that, while certain of its employees might have assisted her, they did it personally and not as employees of defendant; that defendant received no moneys other than for storage and in payment for gasoline and oil; that while at times car rental was received by an employee of defendant, the money was kept by the employee until he paid it to Mrs. Blanchard, the defendant having no interest in, and receiving no profit from, the transaction.

Defendant paid four dollars and fifty cents a month for space in the directory of the New York Telephone Company for the following advertisement: " Rent a car [a picture of an automobile]. Drive it yourself. Hendrick Hudson Garage, Ft. of Fulton St. Phone 6280. All cars rented by the mile." The agreement for the space, signed on behalf of defendant by its manager, recited, " The undersigned represents that the undersigned is duly authorized to sell, and undertakes to sell, the product or service referred to in such advertising."

At the time Hall took the car from defendant's garage he signed an agreement. His name, the time when he was to return the car, a description of it, the mileage on the speedometer, a statement that he agreed to pay " the sum of $.10 per mi. 50 mi. guarantee " were written into a printed blank headed: " U-Drive Auto Rental System, Troy, Pittsfield, Schenectady, Utica, W. B. Blanchard, Dist. Mgr." Items of the charge to be made the lessee were printed in the agreement. These included " damages," " service charge " and " mileage charge." At the bottom of the agreement opposite the signature of the lessee there was printed " Signed by U-Drive Auto Rental System, lessor." There was no other signature or information as to the lessor's identity. Hall says, " the 75 cents I was told by Mr. Collins [defendant's employee] * * * covered the service charge, oil and gas, and they said there was insurance on the car, and that covered the insurance," and that on previous occasions he had rented the same car from the defendant, paying a service charge of seventy-five cents and on two occasions

he had seen the money which he paid placed in the till and rung up on defendant's cash register; that there were signs in the garage reading " Drive-Yourself Cars to Rent."

On behalf of the defendant there was evidence that the business of leasing automobiles from its garage was begun by Warren D. Blanchard; that he had five cars, a desk in one corner of the garage, and a manager. In about 1933, Blanchard took employment at another place in Troy and Mrs. Blanchard continued the business with only three cars under the arrangement outlined earlier; that before a car was leased, defendant's employee, acting personally, called Mrs. Blanchard, told her of the application, and received instructions. Both Mr. and Mrs. Blanchard testified in behalf of the defendant and stated that lubrication and repairs were made by Blanchard and that defendant was in no way interested in the business of leasing; that the only compensation which it received other than for gasoline and oil sold was for storage.

The testimony given by the Blanchards was against their own interests, and thus is entitled to careful consideration, but a jury might well have questioned whether the employees of defendant would be likely to render gratuitously to Mrs. Blanchard as to three cars a service which in the beginning, when there were only two additional cars, had required the personal attention of Blanchard and a manager. This, together with the unquestioned fact that the contract for advertising was made by the defendant, and the other items of proof, some of which have been mentioned earlier, sustained the finding made by the jury, and the verdict should not have been set aside.

The orders setting aside the verdicts should be reversed on the facts, with costs, and verdicts reinstated.

HILL, P. J., McNAMEE, CRAPSER, BLISS and HEFFERNAN, JJ., concur.

Orders setting aside verdicts reversed on the law and facts, with costs, and verdicts reinstated.