Arnold L. Fein, J.
Plaintiff’s motor vehicle was damaged on October 26, 1961, because of alleged negligence in the “ operation, maintenance and control ” of a truck owned by defendant Hertz and leased to and operated by defendant McLean. McLean pleaded a ‘ ‘ Cross-complaint against Hertz Corporation for breach of leasing agreement”. Plaintiff, relying on the doctrine of res ipsa, proved that while the Hertz truck was being driven by McLean’s driver the body fell off the truck chassis onto plaintiff’s properly parked vehicle. Plaintiff’s only other proof was expert testimony as to the cost of repair. Defendants’ motions to dismiss at the close of plaintiff’s case were denied.
Defendant McLean’s driver testified that on the morning of the accident, in accordance with usual practice, he picked up the already loaded truck at a bay or terminal operated by McLean, took the necessary routing and other delivery papers, inspected the brakes, lights, steering equipment, horn, mirrors and tires of the truck and then drove it out of the terminal. He made no inspection to see whether the truck body was properly connected to the chassis. He had no recollection of driving this particular truck on any prior occasion, and had no notice or warning of any defect. Within 35 to 40 seconds after leaving the terminal, just after he had made a right turn into Van Dam Street, he heard a noise. He looked in the rear-view mirror and noted that the body of the truck was gone. He stopped the truck and alighted, and then observed the body of his truck was resting against plaintiff’s vehicle. Upon examination of the truck chassis he observed that all 16 welds which connected the truck body to the chassis were broken or torn loose. He had no knowledge as to where the truck had been prior to picking it up at the McLean terminal that morning. He had not examined the interior of the truck or the load, although he testified it contained approximately 14 pieces of freight weighing in total two thousand to three thousand pounds, and that a full load would be five thousand pounds.
*323 McLean’s only other evidence, received over objection by Hertz, was a lease agreement between Hertz and McLean, dated March 19, 1958, leasing 16 motor vehicles for the period commencing June 2, 1958 and expiring June 1, 1962. Hertz rested without offering any testimony.
Decision was reserved on Hertz’ motion to dismiss McLean’s cross complaint. The jury found a verdict of $369.54 against defendants McLean and Hertz and in favor of McLean against Hertz on the cross complaint. Defendants ’ motions to set aside the verdict were denied except that decision was reserved on the motion by Hertz to set aside the verdict on the cross complaint.
Defendant McLean relies on paragraphs “5” and “6” of the lease agreement. In pertinent part, they read:
“ 5. The Lessor shall cause each vehicle hereby demised to be duly registered to comply with traffic laws; and the Lessor shall maintain the vehicles in good repair in all respects * * * The Lessor may, in its absolute and uncontrolled discretion, and upon substituting a vehicle substantially similar in durability and capacity, detain any of the demised vehicles for inspection and repairs.
“ 6. The Lessor shall furnish service, including washing, polishing, cleaning, oiling and greasing. The Lessee shall cause each vehicle to be returned to the Lessor’s premises for a minimum of four (4) hours at least five times each week except that with the Lessor’s consent, in writing, previously obtained, the Lessee may keep the vehicle or vehicles away from the Lessor’s premises for a longer period, to be specified in the written consent aforesaid.”
In substance, paragraphs “ 7 ” and “ 8 ” obligate lessor to repair any leased vehicle promptly after receipt of notice from lessee and permit lessor temporarily to substitute another vehicle if it is impractical promptly to repair any disabled vehicle, and prohibit lessee from making any repairs or adjustments.
Paragraph “11” in part provides: “The Lessee agrees except in emergency to assume sole responsibility and liability for death or injury to persons * * * or damage to property resulting from negligence in the operation of each motor vehicle, while being used or operated under the terms of this lease.”
The evidence was undeniably sufficient to sustain the jury’s verdict against both defendants. McLean operated and controlled the vehicle at the time of the accident and immediately prior thereto. It would be liable, even if the jury’s verdict were founded solely on defective maintenance or an existing defect. *324 (Fried v. Korn, 286 App. Div. 107, affd. 1 N Y 2d 691.) So too would Hertz as owner-lessor. (O’Brien v. Hendrick Hudson Garage, 250 App. Div. 650; La Rocca v. Farrington, 301 N. Y. 247.)
Moreover, McLean, as lessee for a period of over 30 days, being deemed an owner, and Hertz, as the title owner and lessor, would be jointly and severally liable. (Vehicle and Traffic Law, §§ 128, 388.)
Hertz contends the verdict must be set aside and the cross complaint dismissed because in paragraph “ 11 ” of the agreement McLean assumed “ sole responsibility and liability ” for property damage ‘ ‘ resulting from negligence in the operation ’ ’ of the vehicle. That paragraph obviously intends that McLean indemnify Hertz where injury to property is occasioned by McLean’s negligence in operation. The jury’s verdict in favor of the plaintiff and for McLean against Hertz on the cross complaint could have been based on a finding, supported by the evidence, that the negligence was in maintenance. Maintenance was Hertz’ obligation.
A covenant to indemnify one for his own negligence must be clear, explicit and unequivocal. (Thompson-Starrett Co. v. Otis Elevator Co., 271 N. Y. 36.) Paragraph “ 11 ” of the leasing agreement may not be so read. Its clear purport is to indemnify Hertz against claims founded on negligence in the operation of the vehicle by McLean and not against any negligence on the part of Hertz in maintenance or otherwise, even though McLean might also be liable on the grounds already stated.
McLean’s indorsed cross complaint against Hertz did not assert a claim of indemnity implied in law, founded upon “ active ” as against “ passive negligence ”. McLean pleaded only ‘ ‘ Breach of leasing agreement ’ ’. The issue as pleaded is one of contract indemnity. (Burke v. City of New York, 2 N Y 2d 90, 95, concurring opn. of Eder, J.) Hertz argues for dismissal because (1) the cross complaint did not plead performance by McLean even in the conclusory form permitted by rule 92 of the Buies of Civil Practice in force at the time the pleadings were served; and (2) there was no proof of performance by McLean.
Paragraph “ 5 ” of the leasing agreement, captioned “ Operating Services ”, obligating Hertz to “ maintain the vehicles in good repair in all respects ”, does not specify any delivery procedures to accomplish maintenance.
Paragraph “ 6 ”, captioned “ Grarage Services ”, requiring McLean to cause each vehicle to be returned to “ Lessor’s premises for a minimum of four (4) hours at least five times each week ’ ’, refers only to ‘ ‘ service, including washing, polishing, *325 cleaning, oiling and greasing ’ ’, not to maintenance. Stricken out are printed words which would have obligated Hertz, the lessor, to furnish ‘ ‘ storage space ’ ’.
The obligation of McLean to return the vehicles to Hertz’ premises for the services described in paragraph “ 6 ” obviously was founded upon the fact that garage services were to be supplied by McLean and not by Hertz. Whether such return was to encompass maintenance does not clearly appear, although it may reasonably be inferred. There was no plea or proof of compliance with this provision. Nor was there plea or proof that the truck involved in this accident was furnished by Hertz to McLean on or about June 2, 1958, the date of the commencement of the term of the lease, or was substituted by Hertz for another truck, at a later time, as permitted whenever a leased vehicle was disabled or required maintenance. Although Hertz did not raise these issues by plea or motion until its motion to dismiss the cross complaint, after all parties had rested, the jury’s verdict may not stand, unless it may be supported on a basis not requiring such proof. McLean provides no answer by its argument that Hertz failed to show its own performance or nonperformance by McLean. The burden was on McLean.
McLean argues alternatively that the jury verdict should not be disturbed because the evidence was sufficient to show a breach of warranty of fitness and breach of leasing agreement consisting in negligent maintenance by Hertz, relying on Cintrone v. Hertz Truck Leasing & Rental Serv. (45 N. J. 434) and Yarbrough v. Ball U-Drive System (48 So. 2d 82), a Florida case. In Cintrone, the New Jersey Supreme Court first enunciated the New Jersey rule that a lessor of motor vehicles for hire impliedly warrants their fitness for their intended purpose during the entire rental period and subjects itself to strict liability in tort to employees of the lessee or others injured as a proximate cause of the breach of such warranty. However, the proof in that case was that the vehicle had been regularly returned to Hertz for maintenance and that the defective brakes were a consequence of inadequate maintenance, or so the jury could have found. There was no such proof of regular or, indeed, any return of the vehicle here.
In Yarbrough {supra), also relied on by McLean, a lessee and his employees were held entitled to rely on an implied representation of fitness and to proceed on res ipsa where the accident occurred by reason of a defect in the mechanism of the vehicle which had been leased on the same day as the accident. Unlike our case, where there was no proof of the manner of use by the lessee, from the time of the lease to the time of the *326 accident, plaintiffs’ evidence in Yarbrough was that the vehicle was subjected only to normal, “plain driving” over regular roads in routine fashion.
These cases do not speak to the issue tendered by McLean, “ Breach of leasing agreement ”, although they do point up the absence here of the two elements of proof just noted. A lessor or bailor for hire impliedly warrants that the subject of the lease or bailment is fit for its intended purpose during the term of the lease or bailment. Breach results in liability for the damages sustained by the lessee or bailee. (Covello v. State of New York, 17 Misc 2d 637; Hoisting Engine Sales Co. v. Hart, 237 N. Y. 30; Gambino v. Lucas & Co., 263 App. Div. 1054.) An employee of the lessee or bailee may also recover even though, as to him, no privity exists. (La Rocca v. Farrington, 301 N. Y. 247, supra, extending the doctrine of MacPherson v. Buick, 217 N. Y. 382, against “ suppliers ”, i.e., lessors or bailors for hire; MacKibbin v. Wilson & English Constr. Co., 263 App. Div. 1014, mot. for lv. to app. den. 288 N. Y. 738; see Outwater v. Miller, 3 Misc 2d 47; Thomas v. Leary, 15 A D 2d 438.) Whether liability extends to bystanders and strangers, not employees of the lessee or bailee, on the theory of strict liability in tort, founded upon breach of implied warranty of fitness, is unresolved in New York. (Berzon v. Allen Motors, 23 A D 2d 530; Greenberg v. Lorenz, 9 N Y 2d 195; Goldberg v. Kollsman Instrument Corp., 12 N Y 2d 432.) Although these cases involve only the liability of manufacturers and sellers, their rationale would seem to apply with equal force with respect to lessors or bailors. However, as already noted, the liability of defendants to plaintiff here was not founded upon breach of warranty or strict liability in tort. Accordingly, McLean’s reliance on these theories of liability as a basis for its cross complaint is misplaced.
Moreover McLean’s cross complaint is not founded upon indemnity implied in law which might be determinable upon the basis of the liability of each defendant to the plaintiff. The cross complaint is limited to alleged breach of the agreement between the defendants. There is no express provision for indemnity. There is, however, an implied warranty of fitness and a duty to maintain. Where the contract between the parties imposes an obligation or duty on one of them and both are cast in damages to a third party by reason of a breach or failure to perform such duty, he whose duty it was to perform must indemnify the other. (Burke v. City of New York, 2 N Y 2d 90.) A bailee cast in damages by reason of defective maintenance of a vehicle should be entitled to recover from the bailor *327 where the contract between the parties expressly obligates the bailor to provide maintenance.
The issue does not depend on whether there was strict liability in tort to the plaintiff, as held in Gintrone (supra). The question is rather whether there was sufficient evidence to sustain a finding of breach of the implied warranty of fitness or a breach of the express agreement to maintain. Either would afford McLean a right to be reimbursed or indemnified for the damages imposed on it. The evidence submitted by the plaintiff and by McLean was insufficient to support the jury’s verdict on the cross complaint of McLean against Hertz on either theory. Accordingly it must be set aside.
However, there is no basis for dismissing the cross complaint. Nor is there any need for a retrial of plaintiff’s case against Hertz and McLean. The jury verdict against both was amply supported by the evidence.
Hertz’ motion to set aside the verdict of the jury in favor of McLean against Hertz on the cross complaint is granted; the cross complaint is hereby severed and a new trial is directed on the cross complaint, only, for February 13, 1967, at Trial Term, Part I.
Plaintiff is entitled to interest on the jury’s verdict against both defendants from October 26, 1961, and the judgment to be entered herein should so provide.