■ PENNY G. SULLIVAN, an Infant, by Her Father and Natural Guardian, ROBERT SULLIVAN, et al., Appellants, v STEVEN E. SPANDAU et al., Respondents.—In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Hand, J.), entered October 8, 1990, which granted the motion of the defendant Waldorf Auto Leasing, Inc., for summary judgment

dismissing the complaint insofar as it is asserted against it and any cross claims against it.

Ordered that the order is reversed, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and the motion of the defendant Waldorf Auto Leasing, Inc., for summary judgment is denied.

On November 25, 1988, the defendant Steve Spandau executed a 22-month lease for a 1986 Saab automobile from the defendant Waldorf Auto Leasing, Inc. Although the car was registered to the defendant Eunice Spandau, Waldorf Auto Leasing, Inc., retained title to it.

On July 30, 1989, at approximately 1:19 A.M., Steven E. Spandau was traveling west on Montauk Highway in the Town of Southampton when his car collided with that of the plaintiff Penny G. Sullivan. As a result, the plaintiffs commenced this action against Steven and Eunice Spandau and Waldorf Auto Leasing, Inc.

Pursuant to Vehicle and Traffic Law § 388, the owner of a motor vehicle is jointly and severally liable, together with the operator, for the negligent use or operation of the vehicle. Vehicle and Traffic Law § 128 defines the "owner" of a vehicle as a person, other than a lien holder, "having the property in or title to a vehicle". The term includes any lessee of a motor vehicle having the exclusive use thereof, under a lease or otherwise, for a period of more than 30 days. However, a secured party in whose favor there is a security interest in any vehicle out of his possession is not deemed an owner (see, Vehicle and Traffic Law § 388 [3]).

Since Steven E. Spandau leased the 1986 Saab for a period of 22 months, he is an "owner" within the meaning of Vehicle and Traffic Law § 128. The question, then, is whether Waldorf Auto Leasing, Inc., as well as Spandau, comes within the statutory definition of an "owner".

That the term "owner" under Vehicle and Traffic Law § 128 "includes any lessee * * * having the exclusive use * * * for a period greater than thirty days" (emphasis added) does not exclude the title holder as an owner for purposes of Vehicle and Traffic Law § 388. Indeed, under Vehicle and Traffic Law § 388, the liability of the lessor and the lessee of a motor vehicle is joint and several (see, Location Auto Leasing Corp. v Lembo Corp., 62 Misc 2d 856, 859; see also, Accelerated Trucking Corp. v McLean Trucking Co., 53 Misc 2d 321, 324). Thus, Waldorf Auto Leasing, Inc., is also an "owner" within the

meaning of Vehicle and Traffic Law § 128 since it retained title to the 1986 Saab which it leased to Spandau.

The attempt of Waldorf Auto Leasing, Inc., to characterize itself as a secured party is without merit. The agreement between Waldorf Auto Leasing, Inc., and Spandau is clearly a lease. It is denominated as a "lease" and the parties are described as "lessor" and "lessee". It calls for the payment of "rent" and title to the vehicle was retained by the "lessor". Although Spandau assumed the responsibility of maintaining and insuring the vehicle, he did not have the option of purchasing the vehicle either during or at the end of the lease period. Moreover, the vehicle was to be returned to Waldorf Auto Leasing, Inc., upon termination of the lease. Waldorf Auto Leasing, Inc., was in the business of leasing automobiles. Thus, under these circumstances, it cannot be said that the lease was one intended for security *(see, Matthews v CTI Container Transp. Intl.,* 871 F2d 270, 275-276). Miller, J. P., Copertino, Pizzuto and Santucci, JJ., concur.