■ JOHN E. TAUGHRIN, JR., Respondent, v DAVID J. RODRIGUEZ, Defendant, and FORD MOTOR CREDIT COMPANY, Appellant. [677 NYS2d 861] —Order unanimously affirmed with costs. Memorandum: Plaintiff was injured when struck by a vehicle owned by Ford Credit Titling Trust (FCTT) and operated by defendant David J. Rodriguez. Plaintiff commenced this action against Rodriguez and defendant Ford Motor Credit Company (Ford Credit), the agent of FCTT. Al Maroone Ford, Inc., leased the vehicle to Rodriguez. The lease provides that the vehicle is to be titled in the name of FCTT; that, upon execution, the lease is to be assigned to FCTT; and that Ford Credit will administer the lease on behalf of FCTT.

Supreme Court properly denied the motion of Ford Credit for summary judgment dismissing the complaint against it. It is undisputed that Ford Credit is the agent of FCTT, which has title to the vehicle and is, therefore, an owner within the meaning of Vehicle and Traffic Law §§ 128 and 388 (*see, Sullivan v Spandau*, 186 AD2d 641). We reject the contention of Ford Credit that *Sullivan* is distinguishable because Ford Credit is not the lessor of the vehicle. The lease provides that Ford Credit is to administer the lease on behalf of FCTT. Thus, Ford Credit is in fact the lessor for the duration of the lease period. We also reject the contention of Ford Credit that it is inappropriate to impose vicarious liability pursuant to Vehicle and Traffic Law § 388 upon a title holder who has no ability to control who operates the vehicle or the driving habits of that person (*see, Morris v Snappy Car Rental*, 84 NY2d 21; *Sullivan v Spandau, supra*). Ford Credit contends that, by imposing vicarious liability upon a person who has no means of monitoring or regulating the driving habits of customers, Vehicle and Traffic Law § 388 violates due process. That contention was not raised in Supreme Court and is therefore unpreserved for our review (*see, Matter of Haz-O-Waste Corp. v Williams*, 103 AD2d 1001; *Matter of City of Utica, Bd. of Water Supply v New York State Health Dept.*, 96 AD2d 719). (Appeal from Order of Supreme Court, Erie County, Kane, J.—Summary Judgment.) Present—Pine, J. P., Hayes, Wisner, Balio and Boehm, JJ.