■ EDWARD J. RYAN, Respondent, v ALEX R. SOBOLEVSKY, Respondent, and KEY BANK USA, Appellant, et al., Defendants. [772 NYS2d 310]—

Order, Supreme Court, New York County (Milton Tingling, J.), entered October 15, 2003, which, inter alia, denied defendant-appellant's motion for summary judgment dismissing the complaint and all cross claims against it, unanimously affirmed, without costs.

The motion court correctly found that defendant-appellant Key Bank is an owner of the car involved in the subject accident for purposes of Vehicle and Traffic Law § 388. When defendant-respondent driver leased the car, the lease was immediately assigned to Key Bank, which assumed the original lessor's "right and interest in the within Lease, [and] the Vehicle." Further, the certificate of title is in the bank's name. Since Vehicle and Traffic Law § 388, "simply says '[e]very owner' shall be liable for injuries . . . resulting from the negligence of any person using the vehicle with the permission of such owner" (see *Hassan v Montuori*, 99 NY2d 348, 353 [2003]), appellant bank is an "owner" under that statute, regardless of its additional status as a secured creditor in the context of the lease transaction. If the bank had retained no more than a security interest in the car, it would not be an "owner" within the statutory definition (see Vehicle and Traffic Law § 388 [3]), but plainly the bank, as assignee of the original lessor, retained a significantly greater property interest in the vehicle and was thus properly deemed an "owner" under the statute.

We have considered defendant-appellant's remaining arguments and find them unavailing. Concur—Buckley, P.J., Nardelli, Sullivan and Lerner, JJ.