■ MARK LITVAK, Appellant, v ANIELLO FABI et al., Defendants, and KEYBANK USA NA, Respondent. [780 NYS2d 155]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Dowd, J.), dated December 11, 2003, which granted the motion of the defendant Keybank USA NA for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is denied, the complaint is reinstated insofar as asserted against the defendant Keybank USA NA, and, upon searching the record, summary judgment on the issue of liability is conditionally granted to the plaintiff as against that defendant if there is a finding of liability against the defendant Valeria Giannola.

On July 9, 2002, the plaintiff, a pedestrian, allegedly was injured in Brooklyn, when a car operated by the defendant Valeria Giannola backed into him. The offending vehicle, a 1999 Infiniti, was registered in the name of the defendant Aniello Fabi. On August 31, 1999, Fabi leased the vehicle from Kings Infiniti, Inc., a nonparty, for a 39-month term, which lease was contemporaneously assigned to the defendant Keybank USA NA (hereinafter Keybank). At the time of the accident, Keybank held title to the vehicle and Giannola was a permissive user.

Keybank moved for summary judgment dismissing the complaint insofar as asserted against it on the ground that it was not an "owner" of the offending vehicle within the meaning of Vehicle and Traffic Law §§ 128 and 388, and thus was not subject to vicarious liability for injuries caused by permissive users of the leased vehicle. Keybank maintained that it held a security interest in the offending vehicle, and thus was specifically excluded from vicarious liability by operation of Vehicle and Traffic Law § 388 (3). The Supreme Court agreed with Keybank and granted its motion.

Contrary to Keybank's contention, the agreement between Keybank and Fabi was a lease and not a security agreement (*see Ryan v Sobolevsky*, 4 AD3d 222 [2004]; *Sullivan v Spandau*, 186 AD2d 641 [1992]). Thus, Keybank, as the titleholder of the offending vehicle, was an "owner" within the meaning of Vehicle and Traffic Law § 388 (1). Accordingly, Keybank did not make a prima facie showing of entitlement to judgment as a matter of law, and the Supreme Court erred in granting its motion for summary judgment dismissing the complaint insofar as asserted against it.

Furthermore, this Court has the authority to search the record and award summary judgment to a nonmoving party with respect to an issue that was the subject of the motion before the Supreme Court (*see* CPLR 3212 [b]; *Dunham v Hilco Constr.*

*Co.*, 89 NY2d 425 [1996]; *Lacy v New York City Hous. Auth.*, 4 AD3d 455 [2004]). Under the circumstances of this case, summary judgment on the issue of liability is conditionally granted to the plaintiff as against Keybank, under Vehicle and Traffic Law § 388 (1) if there is a finding of liability against Giannola. H. Miller, J.P., Goldstein, Cozier and Mastro, JJ., concur.