■ THEM-TUCK CHUNG et al., Respondents, v MIGUEL PINTO et al., Defendants, and TRANS CAPITAL RESOURCES, LTD., Appellant. [809 NYS2d 572]—In an action to recover damages for personal injuries, etc., the defendant Trans Capital Resources,

Ltd., appeals from an order of the Supreme Court, Kings County (Lewis, J.), dated February 18, 2005, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it and granted the plaintiffs' cross motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

Contrary to the contentions of the defendant Trans Capital Resources, Ltd. (hereinafter Trans Capital), the Supreme Court properly denied its motion for summary judgment dismissing the complaint insofar as asserted against it. Trans Capital, as the titleholder of the offending vehicle, is an "owner" within the meaning of Vehicle and Traffic Law §§ 128 and 388 (1) (*see Alexander v Radix*, 12 AD3d 544, 545 [2004]; *Litvak v Fabi*, 8 AD3d 631, 632 [2004]; *Ryan v Sobolevsky*, 4 AD3d 222, 223 [2004]; *Sullivan v Spandau*, 186 AD2d 641, 642-643 [1992]).

Moreover, the Supreme Court correctly granted the plaintiffs' cross motion for summary judgment on the issue of liability. In support of their cross motion, the plaintiffs established that the driver of the offending vehicle was the sole proximate cause of the accident (*see Gomez v Sammy's Transp., Inc.*, 19 AD3d 544 [2005]). In opposition thereto, Trans Capital failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 563 [1980]). Florio, J.P., Ritter, Krausman and Covello, JJ., concur.