10 N.Y.3d 550 (2008)
890 N.E.2d 884
860 N.Y.S.2d 769
DAVID CHARLES JONES, JR., Appellant,
v.
JESSICA A. BILL et al., Respondents.
Court of Appeals of the State of New York.
Argued April 23, 2008.
Decided June 5, 2008.
*551 Rutberg & Associates, P.C., Poughkeepsie (Lawrence A. Breslow of counsel), for appellant.
O'Connor, McGuinness, Conte, Doyle & Oleson, White Plains (Montgomery L. Effinger of counsel), for respondents.
Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

*552 OPINION OF THE COURT
Chief Judge KAYE.
The question before us is whether, for the purposes of the federal Graves Amendment (49 USC § 30106), an action is "commenced" on the date of the initial filing of the summons and complaint, or on the date of joinder of the vehicle lessor. We conclude that the initial filing date is determinative.
On July 7, 2005, plaintiff Jones and defendant Bill were involved in a two-car accident injuring plaintiff. One month later, on August 8, 2005, plaintiff commenced an action against defendant Bill as "owner and operator" of the vehicle. On November 1, 2005, upon receiving Bill's answer denying ownership of the vehicle and claiming to have leased it from DCFS Trust (DCFS), plaintiff joined DCFS as a defendant by filing an amended summons and complaint.
*553 Between the filing of the summons and complaint and the receipt of Bill's answer, on August 10, 2005, Congress amended the Safe, Accountable, Flexible, Efficient Transportation Equity Act: A Legacy for Users to preempt the New York Vehicle and Traffic Law to the extent that the federal legislation prohibits imposition of vicarious liability on vehicle lessors for injuries resulting from the negligent use or operation of the leased vehicle (Graves Amendment). The Graves Amendment applies "to any action commenced on or after the date of enactment of this section" (49 USC § 30106 [c]). Defendants raised the Graves Amendment as an affirmative defense in their answer and then moved to dismiss the complaint against DCFS as barred by the federal statute. Plaintiff opposed, claiming to have commenced the action on August 8, 2005, with the filing of the initial summons and complaint, and in the alternative that the claim against DCFS related back to the original filing date (see CPLR 203 [c]).
Supreme Court granted DCFS's motion, dismissing the complaint against it:
"Since the filing of a summons and complaint or summons with notice is the manner an action is commenced under CPLR 304, it follows that the filing under CPLR Rule 305 (a) commences the action against a new party. Thus, the November 1, 2005 filing, well after the August 10, 2005 effective date of the federal statute[,] is untimely and the action against DCFS TRUST is barred by that statute."
Plaintiff sought reargument or leave to serve an amended complaint, which was denied. The Appellate Division affirmed, concluding that "the claim against the newly-added defendant, DCFS, was interposed on November 1, 2005, when the amended summons and amended complaint were filed (see CPLR 305; Perez v Paramount Communications, 92 NY2d 749 [1999]) and the claim in the amended complaint insofar as asserted against DCFS is, therefore, barred" (34 AD3d 741, 742 [2d Dept 2006]). We now reverse.

Analysis
This case presents a question of pure statutory interpretation, meriting de novo review (see Weingarten v Board of Trustees of N.Y. City Teachers' Retirement Sys., 98 NY2d 575, 580 [2002]).
The Graves Amendment provides that it "shall apply with respect to any action commenced on or after the date of enactment *554 of this section without regard to whether the harm that is the subject of the action, or the conduct that caused the harm, occurred before such date of enactment" (49 USC § 30106 [c]). Defendants urge that we read "commenced"with regard to a party later joinedto refer to the date the claim is "interposed" against such party. Under New York law, however, an action is "commenced" "by filing a summons and complaint or summons with notice" (CPLR 304 [a]). As a general proposition, we need not look further than the unambiguous language of the statute to discern its meaning (see Riley v County of Broome, 95 NY2d 455, 463 [2000]), and in this particular case we find no reason to do so. Thus, under the statute's plain language, any action filed prior to August 10, 2005 has been "commenced" and therefore removed from the federal statute's preemptive reach. Here, plaintiff "commenced" his action as of August 8, 2005, when he filed his summons and complaint.
In the context of computation of the statute of limitations, a calculation not relevant here, New York law provides for interposition of a claim against a "defendant or a co-defendant united in interest" (CPLR 203 [c]).[*] CPLR 203 (c), however, differentiates between when a "claim . . . is interposed" and "when the action is commenced," a distinction we find significant (see Valladares v Valladares, 55 NY2d 388, 392 [1982]; Williams v White, 40 AD3d 110, 112 [4th Dept 2007]). Section 203 (c), further, requires that an action be commenced before interposition may occur ("[i]n an action which is commenced by filing, a claim . . . is interposed . . . when the action is commenced").
Related provisions of the CPLR additionally support this distinction. CPLR 305 (a) requires filing of a supplemental summons "[w]here . . . a new party is joined in the action and the joinder is not made upon the new party's motion" (emphasis added), and CPLR 1003 provides that "[p]arties may be added at any stage of the action by leave of court or by stipulation of all parties who have appeared, or once without leave of court . . ." (emphasis added). These provisions clearly indicate that the "action" is already commenced for the purpose of joining the new party. In other words, joinder and interposition occur within the context of an existing action (see Leuchner v Cavanaugh, 42 AD3d 893, 894 [4th Dept 2007]).
*555 The federal statute, moreover, fails to require the result pressed by defendants. Nothing in the language of the Graves Amendment suggests that it bars vicarious claims asserted in an amended pleading in an action commenced prior to its effective date. Congress's understanding of "commencement" as it pertains to initiation of a federal claim is incontrovertible; New York's commencement-by-filing system is modeled on its federal counterpart (see Fed Rules Civ Pro rule 3; Perez v Paramount Communications, 92 NY2d 749, 755 [1999]). Nor does the language of the Amendment require that the automobile lessor be named as a party prior to its effective date.
Although defendants urge us to glean congressional intent from the floor minutes surrounding the enactment of this contentious legislation (see 151 Cong Rec H1034-01), where the language of a statute is clear there is little room to "add to or take away from that meaning" (see Tompkins v Hunter, 149 NY 117, 123 [1896]). Moreover, if we were to find the word "commenced" somehow ambiguous, which we do not, the debates fail to shed any light whatsoever on Congress's intent with regard to vehicle lessors later joined by amendment, and we have found no other legislative history relevant to this specific point.
The rule we enunciate today is "clear and easy-to-follow" (see McAtee v Capital One, F.S.B., 479 F3d 1143, 1147 [9th Cir 2007]). It appropriately limits potential claims against vehicle lessors without unwarranted abridgment of actions already under way. Without clearer indication from Congress, we see no reason to infer greater retroactive application of a law that otherwise denies injured plaintiffs a viable cause of action (see Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577 [1998]).
Accordingly, the order of the Appellate Division should be reversed, with costs, and the motion to dismiss plaintiff's amended complaint against defendant DCFS Trust denied.
Order reversed, etc.
NOTES
[*] We need not determine whether substantive application of CPLR 203 which codifies New York's "relation back" doctrineis applicable outside the statute of limitations context.