07-4597-cv
Merchants Insurance Group, et al. v. Mitsubishi et al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of December, two thousand nine.

PRESENT:

> GUIDO CALABRESI,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges*,
> JANE A. RESTANI
> > *Judge*.[*]

———————————————————————————————

Merchants Insurance Group, Deejay Carpet Co., Inc.,

> *Plaintiffs-Appellant*s,

> v.                                                    07-4597-cv

Mitsubishi Motor Credit Association, Mitsubishi Motor Credit of America, Inc.,

> *Defendants-Appellee*s,

———————

[*]The Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

Tri-Arc Insurance Company d/b/a Tri-Arc Financial Services,

        *Defendant.*

_____

FOR APPELLANT:        WILLIAM MATLIN, Hoffman & Roth, LLP, New York, NY (JAYNE F. MONAHAN, on the brief).

FOR APPELLEES:        HOWARD STRONGIM, Strongin Rothman & Abrams, LLP, New York, NY (ANNETTE G. HASAPIDIS, on the brief)

Appeal from a judgment of the United States District Court for the Eastern District of New York (David G. Trager, *J.*)

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **VACATED** and the case **REMANDED** to the district court for further proceedings consistent with this opinion.

Plaintiff-Appellants Merchants Insurance Group ("Merchants") and Deejay Carpet Co., Inc. ("Deejay Carpet") appeal from a judgment of the United States District Court for the Eastern District of New York granting summary judgment to Defendants-Appellees Mitsubishi Motor Credit Association and Mitsubishi Motor Credit of America ("MMCA"). Because we disagree with the district court that the Graves Amendment, 49 U.S.C. § 30106, bars Merchants' claims, we vacate and remand for further proceedings consistent with this summary order. We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

*I.*     *Background*

On November 27, 1997, non-party Joceline DeJean was a passenger in a leased Mitsubishi Galant driven by her son, Jerry DeJean. The DeJeans were involved in an accident in Queens, New York with a vehicle owned by Deejay Carpet and driven by non-party Daniel Hess. Ms. DeJean

leased her vehicle from Mitsubishi Motor Credit Association, which maintained a $1 million insurance policy through now-defunct Reliance Insurance Company ("Reliance"). Ms. DeJean additionally carried a personal Allstate insurance policy of $100,000 on the vehicle. The Deejay Carpet vehicle was insured by Merchants with a liability limit of $1 million. Reliance is a Pennsylvania corporation that was placed into liquidation on October 3, 2001.

In 1998, Ms. DeJean filed a lawsuit in New York State Supreme Court, Queens County, against Hess, Deejay Carpet, and her sons Jerry and Patrick DeJean, seeking to recover damages for personal injuries sustained in the accident. On March 26, 2003, a jury returned a verdict for $700,000 in Ms. DeJean's favor. The jury apportioned thirty percent of the liability to Jerry DeJean and seventy percent to Deejay Carpet and Hess. Despite their apportioned liability of only thirty percent, Deejay Carpet and its insurer, Merchants, became responsible for the entire verdict through joint and several liability.

On October 20, 2003, Merchants filed an Amended Complaint in state court in New York, seeking contribution from MMCA, the DeJean lessor, for any amounts that Merchants had to pay to Ms. DeJean in excess of its proportionate liability. On November 26, 2003, the case was removed to district court based on diversity of the parties. However, for reasons unclear from the record, judgment had not yet been entered in the DeJean personal injury action by the time Merchants filed its suit for contribution or before the suit was removed to district court. Thus, on July 11, 2005, the district court declared Merchants' suit unripe and dismissed it without prejudice to reopen "if and when a judgment is entered in the state court case and plaintiff makes a payment on that judgment." *Merchants Ins. Group v. Mitsubishi Motor Credit Ass'n*, No. 03-CV-6017, 2005 WL 1631145, at *2 (E.D.N.Y July 11, 2005). The clerk of the court was directed to close the case, and the next day

3

a judgment sheet was filed stating, *inter alia*, "ORDERED and ADJUDGED that the plaintiffs take nothing of the defendants."

On August 26, 2005, a judgment of $855,376.64 was entered in state court. On December 12, 2005, Merchants satisfied the judgment at a reduced amount of $600,000. By letter dated January 27, 2006, Merchants requested that the district court reopen the previously unripe case, and the case was reopened in June 2006. When the case was reopened, no new summons was issued and no new complaint was filed.

Although neither party argued for its applicability, on September 25, 2007, the district court granted MMCA's then-pending motion for summary judgment on the ground that the federal Graves Amendment, which is part of the 2005 Safe, Accountable, Flexible, Efficient Transportation Equity Act, precluded Merchants' claims. *Merchants Ins. Group v. Mitsubishi Motor Credit Ass'n*, 525 F. Supp. 2d 309 (E.D.N.Y. 2007). The district court reasoned, under state law, that although the instant action was first filed in October 2003, which was before the Graves Amendment's effective date, the suit was prematurely filed and was therefore not justiciable at that time. *Id.* at 314. After acknowledging that there is "no indication on the docket sheet that a new summons and complaint was ever filed when the case was re-opened[,] . . . . the parties to the lawsuit have remained the same, and plaintiff's claim is unchanged," the district court held that the suit "commenced" for purposes of the Graves Amendment only after it became justiciable and was reopened in June 2006. *Id.* Since June 2006 is after the effective date of the Graves Amendment, the district court found that the case was preempted by federal law and granted summary judgment in favor of MMCA. *Id.*

Merchants now appeals the district court's award of summary judgment.

**II. Discussion**

4

## A. Standard of Review

We review a district court's grant of summary judgment *de novo*, construing all facts in favor of the non-moving party. *Pilgrim v. Luther*, 571 F.3d 201, 204 (2d Cir. 2009). Summary judgment is warranted only where, construing all the evidence in the light most favorable to the non-movant and drawing all reasonable inferences in that party's favor, "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also Mathirampuzha v. Potter*, 548 F.3d 70, 74 (2d Cir. 2008).

We also review a district court's interpretation of a federal statute *de novo*. *United States v. Martinez*, 572 F.3d 82, 84 (2d Cir. 2009); *United States v. Delis*, 558 F.3d 177, 180 (2d Cir. 2009).

## B. The Graves Amendment

As the district court explained, under New York law, MMCA qualifies as an "owner" of the DeJean vehicle. New York law provides that an "owner" of a vehicle is

> [a] person, other than a lien holder, having the property in or title to a vehicle or vessel. The term includes a person entitled to the use and possession of a vehicle or vessel subject to a security interest in another person and also includes any lessee or bailee of a motor vehicle or vessel having the exclusive use thereof, under a lease or otherwise, for a period greater than thirty days.

N.Y. Veh. & Traf. Law § 128 (McKinney 2005).

New York law imposes joint and several liability on an owner of a vehicle for damages arising from negligent operation of that vehicle. The relevant statute states, in pertinent part:

> Every owner of a vehicle used or operated in this state shall be liable and responsible for death or injuries to person or property resulting from negligence in the use or operation of such vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner.

5

*Id.* § 388. New York courts have explicitly held that the lessor of a vehicle is an "owner" under Section 128 and is subject to vicarious liability under Section 388. *See, e.g.*, *Taughrin v. Rodriguez*, 677 N.Y.S.2d 861, 862 (N.Y. App. Div. 4th Dep't 1998) (holding that Ford Credit, which administered a lease on behalf of Ford Credit Titling Trust, was an "owner" under Section 128 and could be liable under Section 288); *Sullivan by Sullivan v. Spandau*, 589 N.Y.S.2d 49, 50-51 (N.Y. App. Div. 2d Dep't 1992).

The parties do not dispute that MMCA is an owner under Section 128 and is therefore subject to vicarious liability under New York law.[1] However, New York's vicarious liability scheme as it applies to lessor-owners of a leased vehicle was preempted by the August 10, 2005 enactment of the Graves Amendment. The Amendment provides, in pertinent part:

> (a) In general.--An owner of a motor vehicle that rents or leases the vehicle to a person (or an affiliate of the owner) shall not be liable under the law of any State or political subdivision thereof, by reason of being the owner of the vehicle (or an affiliate of the owner), for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if--
>
> > (1) the owner (or an affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles; and
> >
> > (2) there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner).

49 U.S.C. § 30106(a). The statute contains an express effective date:

> (c) Applicability and effective date.--Notwithstanding any other provision of law, this section shall apply with respect to any action commenced on or after the date of enactment of this section without regard to whether the harm that is the subject of the action, or the

---

[1] MMCA argued before the district court that it was not an "owner" under New York law, but has explicitly abandoned this argument on appeal.

conduct that caused the harm, occurred before such date of enactment.

*Id.* § 30106(c). The "date of enactment" was August 10, 2005.

In the instant case, there is no dispute that, if Merchants' suit against MMCA was commenced after the Graves Amendment's effective date, the Graves Amendment preempts New York law and precludes Merchants' claim. Rather, the dispute here is whether the "action" was "commenced on or after" August 10, 2005 such that it is precluded by the Graves Amendment. The district court applied New York law and held that although the action was originally filed before the effective date, since the action was not justiciable at that time, for purposes of the Amendment, it "commenced" when it was reopened in June 2006. Merchants argues on appeal that, under New York law, their filing of a summons and complaint in October 2003 "commenced" the action before the Graves Amendment effective date.

## C. Commencement of the Action

The effective date provision of the Graves Amendment does not specify when an "action" is considered to have "commenced." Nor does it suggest whether we should look to principles of federal law to determine when the action commenced, or whether we should—as we do in some other circumstances, *see, e.g.*, *STX Panocean (UK) Co., Ltd. v. Glory Wealth Shipping Pte Ltd.*, 560 F.3d 127, 130 (2d Cir. 2009); *Burke v. PriceWaterHouseCoopers LLP Long Term Disability Plan*, 572 F.3d 76, 78 (2d Cir. 2009)—look to state law to provide the applicable rule of decision. We need not answer this question here, however, since the answer is the same whether we apply federal or state law.

In New York, "[a]n action is commenced by filing a summons and complaint or summons

with notice." McKinney's CPLR § 304(a). Here, there is no dispute that the summons and complaint were originally filed before August 10, 2005.

In *Jones v. Bill*, 890 N.E.2d 884 (N.Y. 2008), a case that had not yet been decided when the district court decided the case below, the New York Court of Appeals applied CPLR § 304(a) and held that, for purposes of the Graves Amendment, an action commenced when the complaint was originally filed, not when the lessor was later joined as a defendant with an amended summons and complaint. *Id.* at 886. The court noted that it need not "look further than the unambiguous language of the [Graves Amendment] to discern its meaning" because "under the statute's plain language, any action filed prior to August 10, 2005 has been 'commenced' and therefore removed from the federal statute's preemptive reach." *Id.* The court also acknowledged—and we agree—that its result would be the same under the Federal Rules of Civil Procedure because "Congress's understanding of 'commencement' as it pertains to initiation of a federal claim is incontrovertible; New York's commencement-by-filing system is modeled on its federal counterpart." *Id.* at 887 (citing Fed. R. Civ. P. 3).

Here, it was not necessary for the district court to go beyond the face of the statute to discuss the justiciability or prematurity of the suit as originally filed. If state law applies here by virtue of our construction of the Graves Amendment, CPLR § 304(a) is unambiguous. Although the district court's concerns about "reward[ing] plaintiff's improper filing and subvert[ing] Congress' decision to bar suits, such as the instant one," *Merchants Ins. Group*, 525 F. Supp. 2d at 314, are well-taken, the suit at issue commenced when it was originally filed in state court, even though it was later dismissed and then reopened. We see no reason, moreover, that the result would not be the same with reference to federal procedural principles. Under the Federal Rules of Civil Procedure, "[a]

civil action is commenced by filing a complaint." Fed. R. Civ. P. 3. Thus, this action "commenced" when it was originally filed in state court on October 20, 2003, and is not barred by application of the Graves Amendment.

MMCA urges us to affirm the district court on the alternative ground that application of the California Insurance Code bars Merchants' claims. MMCA correctly notes that we may affirm the district court's judgment on any ground appearing in the record. *Blackman v. N.Y. City Transit Auth.*, 491 F.3d 95, 100 (2d Cir. 2007). However, "[i]t is our settled practice to allow the district court to address arguments in the first instance." *Farricielli v. Holbrook*, 215 F.3d 241, 246 (2d Cir. 2000). Because the district court did not have the opportunity to evaluate MMCA's contention that state insurance law bars Merchants' claims, we leave the question for the district court to address on remand.

For the foregoing reasons, the judgment of the district court is hereby **VACATED** and **REMANDED** for proceedings consistent with this opinion.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk


By:_____