■ PAUL ZEGAROWICZ, Appellant, v PERTTI RIPATTI et al., Respondents. [911 NYS2d 69]—

Motion by the defendant HVT, Inc., for leave to reargue appeals from an order of the Supreme Court, Westchester County, entered July 3, 2008, and a judgment of the same court dated August 27, 2008, which were determined by decision and order of this Court dated November 4, 2009.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the motion is granted and, upon reargument, the decision and order of this Court dated November 4, 2009 (*Zegarowicz v Ripatti*, 67 AD3d 672 [2009]), is recalled and vacated, and the following decision and order is substituted therefor:

In an action to recover damages for personal injuries, the plaintiff appeals (1), as limited by his brief, from so much of an

order of the Supreme Court, Westchester County (DiBella, J.), entered July 3, 2008, as, upon reargument, adhered to its original determination granting the motion of the defendant HVT, Inc., pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint insofar as asserted against it made at the close of evidence after a jury trial and, in effect, upon reargument, adhered to its original determination granting the motion of the defendant Pertti Ripatti pursuant to CPLR 4401 for judgment as a matter of law on the cross claim of that defendant for contribution against the defendant Rye Commons Town Houses made at the close of evidence after the jury trial and denying his motion pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability against the defendant Pertti Ripatti made at the close of evidence after the jury trial, and (2) from so much of a judgment of the same court dated August 27, 2008, as, upon the granting of the motion of the defendant HVT, Inc., pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint insofar as asserted against it made at the close of evidence after the jury trial, upon the granting of the motion of the defendant Pertti Ripatti pursuant to CPLR 4401 for judgment as a matter of law on the cross claim of that defendant for contribution against the defendant Rye Commons Town Houses made at the close of evidence after the jury trial, upon the denial of the plaintiff's motion pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability against the defendant Pertti Ripatti made at the close of evidence after the jury trial, and upon the order, is in favor of the defendant HVT, Inc., and against him, dismissing the complaint insofar as asserted against that defendant, and is conditionally in favor of the defendant Pertti Ripatti and against the defendant Rye Commons Town Houses on the cross claim of the defendant Pertti Ripatti for contribution.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the appeal from so much of the judgment as is conditionally in favor of the defendant Pertti Ripatti and against the defendant Rye Commons Town Houses on the cross claim of the defendant Pertti Ripatti for contribution is dismissed, without costs or disbursements, as the plaintiff is not aggrieved by that portion of the judgment (see CPLR 5511); and it is further,

Ordered that the judgment is modified, on the law, by deleting the provision thereof which is in favor of the defendant HVT, Inc., and against the plaintiff dismissing the complaint insofar as asserted against that defendant; as so modified, the

judgment is affirmed insofar as reviewed, without costs or disbursements, upon reargument, the original determination granting the motion of the defendant HVT, Inc., pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint insofar as asserted against it, made at the close of evidence after the jury trial, is vacated and that motion is denied, the order entered July 3, 2008, is modified accordingly, and the matter is remitted to the Supreme Court, Westchester County, for a new trial on the issue of liability, a trial on the issue of damages, if warranted, and the entry of an appropriate amended judgment thereafter.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

A titleholder of a vehicle is an owner within the meaning of the Vehicle and Traffic Law, and may be held liable for a plaintiff's injuries as a matter of law where that vehicle has been involved in an accident which results in those injuries, and the driver of the vehicle operated it with the titleholder' s consent (*see Litvak v Fabi*, 8 AD3d 631 [2004]; *Ryan v Sobolevsky*, 4 AD3d 222 [2004]; *Sullivan v Spandau*, 186 AD2d 641 [1992]). In addition, New York law makes vehicle lessors, their assignees, and their agents vicariously liable as "owners" under the Vehicle and Traffic Law in an action, such as the one here, which was commenced prior to the effective date of the Graves Amendment (49 USC § 30106), which bars actions to recover damages against certain lessors of vehicles that are predicated upon the negligence of their lessees, and preempts all state laws that purport to authorize such actions (*see Hassan v Montuori*, 99 NY2d 348 [2003]; *Ryan v Sobolevsky*, 4 AD3d 222 [2004]; *Taughrin v Rodriguez*, 254 AD2d 735 [1998]; *Davis v Hall*, 233 AD2d 906 [1996]; *Sullivan v Spandau*, 186 AD2d 641 [1992]; *see generally Jones v Bill*, 10 NY3d 550, 553-555 [2008], *cert dismissed sub nom. DCFS Trust v Jones*, — US —, 129 S Ct 593 [2008]).

In his amended complaint, the plaintiff alleged that the defendant HVT, Inc. (hereinafter HVT) was the owner of the vehicle operated by the defendant Pertti Ripatti, and that it was vicariously liable for Ripatti's negligence under Vehicle and Traffic Law § 388. In its answer to the amended complaint, HVT denied these allegations, except to admit that it had leased the vehicle to Ripatti, and was identified as the owner on the

certificate of title; HVT nonetheless denied that it was an "owner" as defined by Vehicle and Traffic Law §§ 128 and 388, referring all questions of law to the court.

Facts admitted by a party's pleadings constitute formal judicial admissions (*see Falkowski v 81 & 3 of Watertown*, 288 AD2d 890, 891 [2001]; Prince, Richardson on Evidence § 8-215, at 523-524 [Farrell 11th ed]). Formal judicial admissions are conclusive of the facts admitted in the action in which they are made (*see Coffin v Grand Rapids Hydraulic Co.*, 136 NY 655 [1893]).

Here, HVT made a formal judicial admission that it was listed as owner on the certificate of title. A certificate of title is prima facie evidence of ownership (*see* Vehicle and Traffic Law § 2108 [c]; *Switzer v Aldrich*, 307 NY 56 [1954]; *Corrigan v DiGuardia*, 166 AD2d 408 [1990]; *Salisbury v Smith*, 115 AD2d 840 [1985]) and, thus, the Supreme Court erred in, upon reargument, adhering to its original determination granting the motion of the defendant HVT, Inc., pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint insofar as asserted against it. Since this presumption of ownership is not conclusive, and may be rebutted by evidence which demonstrates that another individual owned the vehicle in question (*see Aronov v Bruins Transp.*, 294 AD2d 523 [2002]; *Dorizas v Island Insulation Corp.*, 254 AD2d 246 [1998]), the matter must be remitted to the Supreme Court, Westchester County, for a new trial on the issue of liability, a trial on the issue of damages, if warranted, and the entry of an appropriate amended judgment thereafter.

The plaintiff's remaining contention is without merit. Santucci, J.P., Chambers, Hall and Roman, JJ., concur.