■ PETER AARON et al., Respondents, v FISH-BONES TOWING, INC., et al., Defendants, and THE DOE FUND, INC., Appellant. [933 NYS2d 862]—

Summary judgment was not premature, where plaintiff Peter Aaron was allegedly injured when, as he was locking his bicycle to a signpost on a sidewalk, he was run over by an unoccupied moving van, owned by defendant the Doe Fund, Inc., that broke free from a tow truck owned by defendant Fish-Bones Towing and operated by defendant Gonzalez. Doe Fund's claimed need for discovery as to the injured plaintiff's alleged negligence is unsupported by facts suggesting that relevant evidence might be revealed; thus, it is "insufficient to forestall summary judgment" (*2386 Creston Ave. Realty, LLC v M-P-M Mgt. Corp.*, 58 AD3d 158, 162 [2008], *lv denied* 11 NY3d 716 [2009]). Indeed, Doe Fund has not shown how a reasonable jury could find that plaintiff's injuries are a reasonably foreseeable consequence of locking up a bicycle to a signpost on a sidewalk (*cf. Tannous v MTA Bus Co.*, 83 AD3d 584 [2011]; *White v Diaz*, 49 AD3d 134, 139-140 [2008]).

As was made clear by the court's non-appealed, simultaneously issued order that granted Doe Fund's motion for summary judgment on its cross claim against its co-defendants for common-law indemnification, Doe Fund's liability for plaintiff's injuries was purely vicarious under Vehicle and Traffic Law § 388 (1) (*see generally Them-Tuck Chung v Pinto*, 26 AD3d 428, 429 [2006]). Accordingly, the court correctly granted plaintiffs' motion as against Doe Fund. Concur—Tom, J.P., Moskowitz, Richter, Abdus-Salaam and Román, JJ.