Matter of Cook v Benjamin (2024 NY Slip Op 02558)

Matter of Cook v Benjamin

2024 NY Slip Op 02558

Decided on May 9, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 9, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
JOSEPH J. MALTESE
WILLIAM G. FORD
BARRY E. WARHIT, JJ.

2024-03444
 (Index No. 707938/24)

[*1]In the Matter of Vivian E. Cook, etc., et al., petitioners- respondents, 
v
Latoya R. Benjamin, appellant, et al., respondent.

DECISION & ORDER
In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating Latoya R. Benjamin as a candidate in a primary election to be held on June 25, 2024, for the nomination of the Democratic Party as its candidate for the public office of Member of the New York State Assembly for the 32nd Assembly District, Latoya R. Benjamin appeals from a final order of the Supreme Court, Queens County (Joseph Risi, J.), entered May 3, 2024. The final order, insofar as appealed from, granted the petition, inter alia, to invalidate the designating petition.
ORDERED that the final order is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for further proceedings on the petition, inter alia, to invalidate the designating petition, to be conducted forthwith.
On April 13, 2024, the petitioners commenced this proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating Latoya R. Benjamin as a candidate in a primary election to be held on June 25, 2024, for the nomination of the Democratic Party as its candidate for the public office of Member of the New York State Assembly for the 32nd Assembly District. The petitioners named Benjamin and the Board of Elections in the City of New York as respondents. On April 25, 2024, Benjamin filed an answer. In a final order entered May 3, 2024, the Supreme Court, among other things, granted the petition, inter alia, to invalidate the designating petition on the basis of a purported admission made by Benjamin in her answer. Benjamin appeals.
"Facts admitted by a party's pleadings constitute formal judicial admissions" (Zegarowicz v Ripatti, 77 AD3d 650, 653; see Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 211). "Formal judicial admissions are conclusive of the facts admitted in the action in which they are made" (Zegarowicz v Ripatti, 77 AD3d at 653). "To constitute a judicial admission, a statement must be 'deliberate, clear, and unequivocal'" (Bank of N.Y. Mellon v Gordon, 171 AD3d at 211, quoting Rahman v Smith, 40 AD3d 613, 615). "An admission in an answer, notwithstanding a denial therein, can always be taken as some evidence against the person making the admission" (Kraus v Birnbaum, 200 NY 130, 137).
Under the particular circumstances of this case, the Supreme Court erred in determining that a statement in Benjamin's answer was, in effect, a formal judicial admission. The statement admitting to certain allegations in the petition, inter alia, to invalidate was inconsistent with the statement denying the remaining allegations in the petition, inter alia, to invalidate and, [*2]therefore, was not "deliberate, clear, and unequivocal" (Bank of N.Y. Mellon v Gordon, 171 AD3d at 211 [internal quotation marks omitted]; see generally People v Brown, 98 NY2d 226, 233).
Accordingly, we remit the matter to the Supreme Court, Queens County, for further proceedings on the petition, inter alia, to invalidate the designating petition, to be conducted forthwith.
DILLON, J.P., CONNOLLY, MALTESE, FORD and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court