■ MIGUEL TIRADO, Appellant, v ELRAC INC., Doing Business as ENTERPRISE RENT-A-CAR, et al., Defendants, and U-HAUL Co., INC., Respondent. [862 NYS2d 44]—

Order, Supreme Court, Bronx County (Mark Friedlander, J.), entered December 7, 2006, which granted the motion of defendant U-Haul Company of New York and Vermont (incorrectly sued herein as U-Haul Co., Inc.) for summary judgment dismissing the complaint as against it, and denied plaintiff's cross motion to amend the complaint, unanimously reversed, on the law, without costs, the motion denied and the cross motion granted.

Plaintiff alleges that on November 9, 2004, while a passenger in a car driven by defendant Litzey and owned by defendant

ELRAC, he sustained injuries when their vehicle was struck by a truck owned by U-Haul Co., Inc. (UHI) and operated by defendant McFarlan. The truck in question bore Arizona registration number AB24019 and was apparently owned by U-Haul Co. of Arizona (UHAZ).

On July 29, 2005, plaintiff filed a verified complaint, naming ELRAC, Litzey and McFarlan as defendants. Believing that the rental truck was owned by UHI, plaintiff sued that entity, claiming vicarious liability for the negligent use or operation of the vehicle. UHI was served on August 26, 2005, by service on the New York Secretary of State, and an additional copy was mailed to UHI at 2727 N. Central Ave., Phoenix, Arizona. On October 7, 2005, U-Haul Co. of New York (UHNY) filed an answer in lieu of UHI, presuming it was the intended defendant.

On August 10, 2005, Congress passed the Safe, Accountable, Flexible, Efficient Transportation Equity Act (49 USC § 30106), commonly referred to as the "Graves Amendment." The pertinent provision of this legislation prohibits the imposition of vicarious liability on vehicle lessors for injuries resulting from the negligent use or operation of the leased vehicle, and applies to "any action *commenced* on or after the date of enactment of this section" (49 USC § 30106 [c] [emphasis added]).

On February 6, 2006, UHNY moved for summary judgment dismissing the complaint on the ground that UHAZ, not UHNY, owned the truck, and that UHI was an inactive New York corporation that did not, on November 9, 2004, operate any rental outlets in this state. UHNY also argued that any attempt by plaintiff to amend the complaint to add UHAZ should be denied because the amended action would be commenced subsequent to the effective date of the Graves Amendment.

Plaintiff, while admitting that the wrong company had been sued, cross-moved to amend the complaint pursuant to CPLR 3025 (b) to add UHAZ, arguing that under CPLR 203 (a), such amendment should "relate back" to the original commencement date of the action, which preceded the effective date of the Graves Amendment. Plaintiff argued that a claim against UHAZ would be based on the same occurrence as the claim against UHNY, and UHAZ was "united in interest" with UHNY.

The IAS court granted UHNY's motion to dismiss the complaint because it was undisputed that UHNY did not own the truck. The court denied plaintiff's cross motion to amend the summons and complaint to add UHAZ, the actual owner of the truck, rejecting plaintiff's attempt to relate the proposed claims back against UHAZ. Additionally, the court found that "liability of the proposed defendant has been cut off" by the enactment of the Graves Amendment.

The Court of Appeals has recently addressed the issue of when an action is "commenced" for the purpose of applying the preemption provisions of the Graves Amendment. Pursuant to CPLR 304, an action is "commenced" by filing a summons and complaint or summons with notice. "Thus, under the statute's plain language, any action filed prior to August 10, 2005 has been 'commenced' and therefore removed from the federal statute's pre-emptive reach" (*Jones v Bill*, 10 NY3d 550, 554 [2008]). In addressing the very situation that this case presents, the Court discussed New York's statutory scheme regarding interposition of claims against a "defendant or a co-defendant united in interest" (CPLR 203 [c]), and the requirement that joinder of additional parties and interposition of claims against those parties must occur within the context of an existing action, holding that "[n]othing in the language of the Graves Amendment suggests that it bars vicarious claims asserted in an amended pleading in an action commenced prior to its effective date" (10 NY3d at 555).

Therefore, since the action herein was commenced 12 days prior to the effective date of the Graves Amendment, it was removed from the preemptive reach of the statute, and plaintiff's motion should have been granted. Concur—Mazzarelli, J.P., Friedman, Buckley, Sweeny and Renwick, JJ.