█ MARTIN, VAN DE WALLE, GUARINO & DONOHUE, Respondent, v STEVEN YOHAY et al., Appellants.—In an action to recover attorney's fees, the defendants appeal from (1) an interlocutory judgment of the Supreme Court, Nassau County (Murphy, J.), entered April 16, 1987, which, upon a jury verdict finding (a) that the plaintiff was not entitled to recover any fees, and, (b) with regard to the defendants' counterclaim to recover damages for legal malpractice, that the plaintiff was negligent but that such negligence did not proximately cause the defendants' damage, and, upon granting the plaintiff's posttrial motion, *inter alia,* to set aside so much of the jury's verdict as found that it was not entitled to a fee, is in favor of the plaintiff in an amount to be determined upon a jury trial on the issue of the reasonable value of the plaintiff's services, and (2) so much of an order of the same court entered July 13, 1987, as upon granting reargument of the defendants' posttrial motion, *inter alia,* to dismiss the complaint and for judgment on their counterclaims as a matter of law, adhered to its original determination.

Ordered that the interlocutory judgment is affirmed and the order is affirmed insofar as appealed from, with one bill of costs.

The instant action was commenced by the plaintiff law firm to recover legal fees, based on a theory of quantum meruit, for the legal services that it rendered to the defendants. In their answer, the defendants alleged, as a first affirmative defense, that: "[T]he alleged services rendered by Plaintiffs on behalf of the Defendants were devoid of any value * * * by reason of the Plaintiffs' grossly inadequate and ineffectual representation of the Defendants". In addition, the defendants interposed a counterclaim alleging legal malpractice.

At the conclusion of the testimony, the Supreme Court charged the jury as follows on the plaintiff's cause of action:

"I instruct you that the law is that Mr. Martin and his firm must be paid if he performed reasonably well the cited services, given all of those factors that I have heretofore outlined for you as the basis for an attorney properly earning his fee.

"I am going to instruct you on the question of negligence as follows. An attorney is required to exercise reasonable effort and good sense in attending to his client's needs. He must know the law as it is clearly established and apply and use it as a counselor and an advocate in service to his client's interests. If he is engaged in litigation wherein he is asserting or defending his client's rights, he is given some leeway to make sensible decisions and judgments, and even if in hindsight they were not the best or most serviceable, he may not be charged with departing in negligent fashion from standards set generally for attorneys in such a circumstance.

"Moreover, he is not required nor expected to guarantee the results of his guidance and advice in contests or controversies with others. He must perform as a dutiful, attentive and knowledgeable professional attorney, regardless of the good or bad of the final result, which may be affected by any number of other factors over which the attorney had no control nor any responsibility.

"I might add that in his work of negotiating agreements on behalf of a client, an attorney is required to know what will protect his client and then do his best to obtain terms to effectuate that objective, allowing for the usual give and take that characterizes any negotiating session among clients and their lawyers".

With Respect to the counterclaim, the Supreme Court charged the jury as follows:

"Members of the jury, I now instruct you in the requisites for a finding that Mr. Martin and his firm are liable for legal malpractice. We are dealing here with what is basically called an action in negligence. We seek proof of negligence in the context then of the lawyer-client relationship, that is, proof of a careless departure from the reasonable standards of skill and care that can be and are required of an attorney in the circumstances and nature of this case.

"Let me amplify on that. The questions regarding negligence will be substantially as follows on the questionnaire.

"I. Was Mr. Martin and his firm negligent by reason of departing from the reasonable and ordinary standard of care by attorneys in attending to the matters presented to them by Mr. Yohay and his corporation?

"II. Was the negligence, if established, of Mr. Martin and his firm, a proximate cause of damages to Mr. Yohay and his corporation?"

The jury answered the interrogatories provided to them as follows:

"THE CLERK: On Question No. I, is Mr. Martin and his firm entitled to be paid for the professional services that were rendered to Mr. Yohay and the corporation in 1983? Yes or No.

"THE FOREMAN: No. * * *

THE CLERK: So we go to Item III. Was Mr. Martin and his firm negligent by reason of departing from the reasonable and ordinary standard of care by attorneys in attending to the matters presented to them by Mr. Yohay and his corporation? Yes or No.

"THE FOREMAN: The answer is yes. No dissent. * * *

"THE CLERK: Then we go to IV. Was the negligence of Mr. Martin and his firm a proximate cause of damages to Mr. Yohay and his corporation? Yes or no.

"THE FOREMAN: The answer is no. Unanimous."

In its decision setting aside the jury's verdict on interrogatory No. 1 and directing that judgment be entered in favor of the plaintiff as a matter of law on the issue of the defendants' liability, the Supreme Court stated, *inter alia:*

"CPLR 4404 (a) permits the Court, after the case is heard by the jury, to 'set aside a verdict or judgment.' Consequently, the Court can enter a new judgment as a matter of law or order a new trial. Instead of setting aside the jury's verdict and installing his own, the judge may order a new trial if the verdict is 'contrary to the weight of the evidence [or is required] in the interest of justice.' A verdict may not be set aside and a new trial ordered unless the verdict 'could not have been reached on any fair interpretation of the evidence.' *(cf., Nicastro v Park,* 113 AD2d 129, 134; *see also, Cohen v Hallmark Cards,* 45 NY2d 493, 498-499; *Palermo v Gambitsky,* 92 AD2d 1005; 4 Weinstein-Korn-Miller, N.Y. Civ. Prac. ¶¶ 4404.02, 4404.06).

"This is the case here with respect to the jury's verdict on interrogatory #1, but not as to its verdict on interrogatories #3 and #4 *(see, Iannelli v Powers,* 114 AD2d 157)".

The jury's verdict on interrogatory No. 3, which the Supreme Court referred to in its decision as one which was not contrary to the weight of the evidence, specifically found that

the plaintiff was "negligent * * * in attending to the matters presented to them" by the defendants. In view of its ultimate disposition of the instant case, the Supreme Court seemed to suggest that an attorney is entitled to recover legal fees for services rendered to a client based on a theory of quantum meruit even if those legal services are performed in a negligent manner, so long as that negligence is not the proximate cause of the loss allegedly sustained by the client. We do not agree with this suggestion (see, 7 NY Jur 2d, Attorneys at Law, § 144; Pudalov v Brogan, 103 Misc 2d 887, 891-892). Nevertheless, we are of the view that judgment was properly entered by the Supreme Court in favor of the plaintiff herein on the issue of liability, as a matter of law. This court has stated: "To sustain a determination that a jury verdict is not supported by sufficient evidence as a matter of law, there must be no 'valid line of reasoning and permissible inferences which could possibly lead rational men to the conclusion reached by the jury on the basis of the evidence presented at trial' " (Nicastro v Park, 113 AD2d 129, 132, quoting Cohen v Hallmark Cards, 45 NY2d 493, 499).

In light of this standard and the testimony in the record which indicated, as noted in the Supreme Court's decision, that the plaintiff's "substantial, lengthy, and important services" were "duly performed", it is our view that the jury's verdict on interrogatory No. 1, i.e., that the plaintiff was not entitled to be paid for the professional services that it rendered to the defendants, as well as its verdict on interrogatory No. 3, were not supported by sufficient evidence as a matter of law. Accordingly, the judgment appealed from must be affirmed. Mangano, J. P., Bracken, Kunzeman and Harwood, JJ., concur.