■ MARTIN, VAN DE WALLE, GUARINO & DONOHUE, Respondent, v STEVEN YOHAY et al., Appellants.—In an action to recover attorneys' fees, the defendants appeal from (1) a judgment of the Supreme Court, Nassau County (O'Shaughnessy, J.), entered June 19, 1989, which, upon a jury verdict on the issue of damages only, is in favor of the plaintiff in the principal sums of $3,780 and $34,816, respectively, representing the fair and reasonable value of the legal services rendered by the plaintiff, and (2) so much of an order of the same court, dated August 31, 1989, as denied the defendants' motion for a new trial or, in the alternative, a "new assessment of damages."

Ordered that the judgment is reversed and the order is reversed insofar as appealed from, on the facts and as an exercise of discretion, without costs or disbursements, and the motion for a new trial on the issue of damages is granted, unless within 20 days after service upon the plaintiff of a copy of this decision and order, with notice of entry, the plaintiff shall serve and file in the Office of the Clerk of the Supreme Court, Nassau County, a written stipulation consenting to reduce the verdict as to damages to the principal sums of $2,800 and $26,177.40, respectively, representing the amounts originally billed by the plaintiff, and to the entry of an amended judgment accordingly; in the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed insofar as appealed from, and the order denying a new trial is affirmed, without costs or disbursements.

From January 1983 until January 1984, the plaintiff law firm performed legal services for the defendants. The plaintiff billed $2,800 for legal services rendered between January 26, 1983, and August 19, 1983, and an additional $26,177.40 for services rendered between August 19, 1983 and January 17, 1984. The plaintiff commenced the instant action upon the defendants' refusal to pay these fees. The defendants interposed a counterclaim alleging legal malpractice.

At a prior trial in this action which dealt with the issue of liability, the jury returned a verdict finding that the plaintiff law firm was not entitled to be paid for its services since it was negligent. The jury also found, however, that the plaintiff's negligence had not proximately caused the defendants' injury. The trial court set aside the jury's verdict and found that the plaintiff was entitled to a fee. This court affirmed that determination, finding that the jury verdict was not supported by sufficient evidence as a matter of law *(Martin, Van de Walle, Guarino & Donohue v Yohay,* 149 AD2d 477). This court concurred with the opinion of the Supreme Court, that "the plaintiff's 'substantial, lengthy and important services' were 'duly performed' ".

The trial in issue on this appeal was conducted in June 1989 to determine the fair and reasonable value of the plaintiff's services. The jurors were instructed that the prior finding that the plaintiff's services were "substantial, lengthy and important", constituted the "law of [the] case". Although the fact that liability was established was the law of the case, the use of that language was improvident because it could have been interpreted as expressing an opinion on the extent of the damages. However, the error was harmless. Several witnesses testified at the damages trial concerning the reasonable billing fees for attorneys with similar experience and geographical location as those of the attorneys in the plaintiff law firm, and the record reflects the fact that the services were substantial.

It is our view the verdict is excessive. Theodore Hoffman testified that a lawyer with 30 years experience in 1983 could charge between $125 and $200 per hour, John Barnosky testified that a lawyer in 1983 with 30 years experience could charge between $100 and $175 per hour, and Jules Martin testified that in 1983, when he had 30 years of experience, his billing rate was $175 per hour. The only testimony that supported the jury's verdict was Mr. Martin's statement that an attorney in Nassau County in 1983, with an "AV" rating from Martindale-Hubbell, *could* charge between $150 to $250 per hour. The jury's verdict appears to be based upon a billing rate of $236.25 per hour ($3,780 divided by 16 hours) and a billing rate of $250 per hour ($34,816 [fees] — $6,168 [disbursements and arguably undisputed fees of associates] = $28,647.35 divided by 114.5 hours) for Jules Martin. We conclude that awards of damages equivalent to the amounts originally billed by the plaintiff are more in keeping with the evidence adduced at the damages trial.

Under the circumstances, we reverse the order and judg-

ment appealed from and remit the matter for a new trial as to damages, unless the plaintiff agrees to serve and file a written stipulation consenting to a reduction of the verdict. Mangano, P. J., Bracken, Kunzeman and Kooper, JJ., concur.