■ David Charles Jones, Jr., Appellant, v Jessica A. Bill et al., Respondents. [825 NYS2d 508]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Dutchess County (Dolan, J.), dated February 14, 2006, which granted the defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against the defendant DCFS Trust, and (2) an order of the same court dated April 10, 2006, which denied the plaintiff's motion for leave to reargue and for leave to serve a supplemental complaint adding DCFS Trust as a defendant.

Ordered that the order dated February 14, 2006 is affirmed; and it is further,

Ordered that the appeal from so much of the order dated April 10, 2006 as denied the branch of the plaintiff's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying a motion for leave to reargue; and it is further,

Ordered that the order dated April 10, 2006 is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

Following a two-vehicle collision at an intersection on July 7, 2005, as a result of which the plaintiff is alleged to have sustained personal injuries, this action was commenced against the driver of the allegedly offending vehicle, the defendant Jessica A. Bill, on August 8, 2005, by the filing of a summons and complaint (see CPLR 304). On November 1, 2005 the plaintiff filed an amended summons and amended complaint in the of-

fice of the Dutchess County Clerk in which DCFS Trust (here-inafter DCFS) was added as a defendant. In its answer to the amended complaint, DCFS interposed affirmative defenses, including one alleging that "[actions] against long term leasing companies are prohibited by virtue of Federal legislation and as such the plaintiff's action against the long term leasing company is barred."

The respondents moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against DCFS, alleging that 49 USC § 30106, commonly known as "the Graves Amendment," barred the action against it. The Graves Amendment abolished vicarious liability of long-term automobile lessors based solely on ownership. The Supreme Court granted the motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against DCFS. We affirm.

The Graves Amendment is applicable to "any action commenced on or after the date of enactment of this section" (49 USC § 30106 [c]), which the parties agree was August 10, 2005. In this case, contrary to the plaintiff's contention, the claim against the newly-added defendant, DCFS, was interposed on November 1, 2005, when the amended summons and amended complaint were filed (see CPLR 305; Perez v Paramount Communications, 92 NY2d 749 [1999]) and the claim in the amended complaint insofar as asserted against DCFS is, therefore, barred.

The plaintiff's assertion that its claim against DCFS is maintainable under the relation-back doctrine is without merit, as that doctrine is potentially available to save claims which a defendant asserts are barred by a statute of limitations (see Monir v Khandakar, 30 AD3d 487 [2006]; L & L Plumbing & Heating v DePalo, 253 AD2d 517 [1998]), which is not the defense upon which the defendants relied in making their motion. The plaintiff failed to demonstrate the applicability of the relation-back doctrine to any other affirmative defense.

The plaintiff's remaining contentions are without merit. Adams, J.P., Ritter, Mastro and Lifson, JJ., concur.