474

■ WENDY FLEDERBACH et al., Appellants, v YVACHESLAV FAY-
MAN et al., Defendants. CHASE MANHATTAN AUTOMOTIVE FINANCE
CORP. et al., Nonparty Respondents. [869 NYS2d 180]—

The plaintiff Wendy Flederbach was injured in an accident
with a vehicle operated by the defendant Yvacheslav Fayman.
The police accident report identified the owner of the offending
vehicle as Irina Fayman, who also was named as a defendant in
this action to recover damages for personal injuries brought by
Flederbach and her husband, derivatively. At his deposition
conducted more than three years after the accident, Yvacheslav
Fayman testified that he leased the offending vehicle from Chase
Manhattan Automotive Finance Corp., now known as Chase
Auto Finance Corp. (hereinafter together Chase).

The plaintiffs moved for leave to serve a supplemental sum-
mons and amended complaint adding Chase as defendant to the
action, contending, inter alia, that the claim against Chase re-
lated back to the timely-asserted claim against the operator of
the offending vehicle, with whom Chase was united in interest.
The motion was denied based upon this Court's holding in *Jones
v Bill* (34 AD3d 741 [2006]), because, although this action was
commenced prior to the enactment of 49 USC § 30106 (the
Graves Amendment), which abolished vicarious liability of
automobile lessors for the negligence of the operators of leased
vehicles in actions commenced after its enactment on August
10, 2005, the motion for leave to serve a supplemental summons
and amended complaint adding Chase as a defendant was made

after the August 10, 2005 effective date. Thereafter, however, *Jones v Bill* (34 AD3d 741 [2006]) was reversed by the Court of Appeals, which held that the Graves Amendment only applies to actions commenced by the filing of the initial summons and complaint after its enactment date, and did not bar vicarious liability claims against vehicle lessors asserted in an amended pleading in an action commenced prior to its effective date (*see Jones v Bill*, 10 NY2d 550 [2008]).

The plaintiffs are correct, therefore, that their motion is not barred by the Graves Amendment, since this action was commenced prior to the effective date of that statute. Nonetheless, we affirm the order denying the motion, on the ground that the claim against Chase is barred by the statute of limitations. The plaintiffs argue that the claim against Chase relates back to the timely-commenced action against the operator of the offending vehicle. However, the plaintiffs failed to meet their burden of proving that the relation-back doctrine is applicable, since there is no evidence that Chase knew or should have known that, but for a mistake on the part of the plaintiff, it would have been named in the action as well (*see Buran v Coupal*, 87 NY2d 173 [1995]). Indeed, there is no evidence that Chase was aware of the accident, much less the lawsuit, within the limitations period (*see Williams v Majewski*, 291 AD2d 816 [2002]; *compare Porter v Annabi*, 38 AD3d 869 [2007]). Since notice within the limitations period is "the 'linchpin' of the relation back doctrine" (*Buran v Coupal*, 87 NY2d 173, 180 [1995]), the denial of the plaintiffs' motion for leave to serve a supplemental summons and amended complaint adding Chase as a defendant to the action was correct. Skelos, J.P., Lifson, Santucci and Carni, JJ., concur.