■ JOHN KLUCZKA, Respondent-Appellant, v SALVATORE A. LECCI, Appellant-Respondent. [880 NYS2d 698]—

In an action to recover damages for legal malpractice, the defendant appeals from stated portions of an order of the Supreme Court, Nassau County (Cozzens, J.), dated October 4, 2007, which, inter alia, denied that branch of his motion which was for summary judgment dismissing the complaint, and the plaintiff cross-appeals, as limited by his brief, from so much of the same order as denied his cross motion for summary judgment on the issue of liability and for summary judgment dismissing the defendant's counterclaim to recover unpaid legal fees.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant's motion which was for summary judgment dismissing the complaint, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs to the defendant.

The plaintiff retained the defendant attorney to represent him in a divorce action commenced by his former wife. The divorce action was settled by a stipulation pursuant to which the plaintiff agreed, inter alia, to waive his interest in the marital residence and give his former wife a share of his pension benefits, while she agreed to waive her interest in another property, and forgive certain child support arrears. The plaintiff thereafter commenced this action, contending that the defendant had committed legal malpractice by recommending that the plaintiff enter into the stipulation without obtaining appraisals of the subject real property or his pension.

In order to prevail in an action to recover damages for legal malpractice, a plaintiff must establish that the defendant attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession, and that the breach of this duty proximately caused the plaintiff to sustain actual and ascertainable damages (*see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007]; *Malik v Beal*, 54 AD3d 910, 911 [2008]; *Carrasco v Pena & Kahn*, 48 AD3d 395, 396 [2008]). To establish the element of causation, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages but for the attorney's negligence (*see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d at 442; *Wray v Mallilo & Grossman*, 54 AD3d 328, 329 [2008]; *Carrasco v Pena & Kahn*, 48 AD3d at 396). The failure to demonstrate proximate cause requires dismissal of a legal malpractice action regardless of whether the attorney was negligent (*see Leder v Spiegel*, 31 AD3d 266, 267-268 [2006], *affd* 9 NY3d 836 [2007]).

Here, the defendant made a prima facie showing that he was entitled to summary judgment by demonstrating that the stipulation in the underlying divorce action was a provident agreement which provided both parties with benefits, and that his allegedly negligent failure to obtain appraisals did not cause the plaintiff to incur any damages. In opposition, the plaintiff failed to raise an issue of fact as to whether he incurred damages by submitting evidentiary proof that, but for the defendant's alleged negligence, he would have been able to negotiate a more favorable settlement (*see Rapp v Lauer*, 229 AD2d 383, 384 [1996]; *Rogers v Ettinger*, 163 AD2d 257, 258 [1990]). Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was for summary judgment dismissing the complaint.

However, the court properly denied that branch of the plaintiff's cross motion which was for summary judgment dismissing the defendant's counterclaim to recover unpaid legal fees. An attorney may not recover fees for legal services performed in a negligent manner even where that negligence is not a proximate cause of the client's injury (*see Martin, Van de Walle, Guarino & Donohue v Yohay*, 149 AD2d 477, 480 [1989]; *Campagnola v Mulholland, Minion & Roe*, 148 AD2d 155, 158 [1989], *affd* 76 NY2d 38 [1990]). Here, the submissions of both parties demonstrate that there is a sharply disputed issue of fact as to whether the defendant's performance of legal services, as measured against that of an attorney of reasonable skill and knowledge, was negligent (*see Kutner v Catterson*, 56 AD3d 437 [2008]). Thus, the issue of whether the defendant is entitled to recover legal fees on his counterclaim must await resolution at trial.

In light of our determination, we need not reach the defendant's remaining contention. Skelos, J.P., Santucci, Balkin and Eng, JJ., concur.