■ STEVEN VON DUERRING et al., Respondents, v HESSION & BEKOFF et al., Appellants, et al., Defendants. [896 NYS2d 424]—In an action to recover damages for legal malpractice, the defendants Hession & Bekoff, Martin Katzman, Ronald Jay Bekoff, and Thomas R. Hession appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Phelan, J.), dated December 20, 2006, as denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendants Hession & Bekoff, Martin Katzman, Ronald Jay Bekoff, and Thomas R. Hession is granted.

"In an action to recover damages for legal malpractice, a plaintiff must demonstrate that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and that the attorney's breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages" (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007] [internal quotation marks omitted]). "To establish causation, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the lawyer's negligence" (*id.*). Notably, "[t]he failure to demonstrate proximate cause requires dismissal of a legal malpractice action regardless of whether the attorney was negligent" (*Kluczka v Lecci*, 63 AD3d 796, 797 [2009]).

The appellants demonstrated their entitlement to judgment as a matter of law by establishing, prima facie, that their conduct was not a proximate cause of the plaintiffs' alleged damages (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *see also Degree Sec. Sys., Inc. v F.A.B. Land Corp.*, 17 AD3d 402, 402-403 [2005]; *Dale Mtge. Bankers Corp. v 877 Stewart Ave. Assoc.*, 133 AD2d 65, 65-67 [1987]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324; *Carrasco v Pena & Kahn*, 48 AD3d 395, 396 [2008]; *see also Napolitano v Markotsis & Lieberman*, 50 AD3d 657, 658 [2008]). Thus, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the appellants.

In light of our determination, we need not reach the appellants' remaining contentions. Dillon, J.P., Florio, Miller and Austin, JJ., concur.