TARA SNOLIS et al., Respondents-Appellants, v TIMOTHY W. CLARE, Defendant, and WILLIAM J. POISSON, ESQ., Individually and as a Partner in POISSON & HACKETT, ESQS., et al., Appellants-Respondents. [917 NYS2d 299]—

In an action to recover damages for legal malpractice and breach of contract, the defendants William J. Poisson and Poisson & Hackett, Esqs., appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Molia, J.), dated August 17, 2009, as denied, as untimely, that branch of their cross motion which was for summary judgment dismiss-

ing the complaint insofar as asserted against them, and the plaintiffs cross-appeal from so much of the same order as denied their motion for summary judgment on their cause of action to recover damages for legal malpractice insofar as asserted against the defendants William J. Poisson and Poisson & Hackett, Esqs.

Ordered that the order is reversed insofar as appealed from, on the law, on the facts, and in the exercise of discretion, and that branch of the cross motion of the defendants William J. Poisson and Poisson & Hackett, Esqs., which was for summary judgment dismissing the complaint insofar as asserted against them is granted; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants William J. Poisson and Poisson & Hackett, Esqs.

The plaintiff Tara Snolis was involved in a motor vehicle accident in May 1999 with a car driven by John Biondo. Tara Snolis and the plaintiff Albert Snolis, suing derivatively, subsequently commenced an action to recover damages for personal injuries against Biondo (hereinafter the personal injury action). In April 2002 the defendants William J. Poisson and Poisson & Hackett, Esqs. (hereinafter together the defendants), were substituted as the plaintiffs' counsel in the personal injury action. When Biondo was deposed in February 2003, long after the expiration of the statute of limitations, it was learned for the first time that he had leased the car he drove on the day of the accident. In April 2003 the defendants were provided with documentary evidence showing that the vehicle was actually owned by American Suzuki Automotive Credit (hereinafter the owner) at the time of the accident. The defendants did not move for leave to amend the complaint to add the owner as a defendant, and filed a note of issue in September 2003. In May 2004 the defendants were replaced by different counsel, who immediately moved for leave to amend the complaint to add the new defendants. That motion was denied.

The plaintiffs thereafter commenced the instant action to recover damages for legal malpractice and breach of contract. The plaintiffs moved for summary judgment on their legal malpractice cause of action insofar as asserted against the defendants, and the defendants cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court denied both the motion and the cross motion.

In order to prevail in an action to recover damages for legal malpractice, a plaintiff must establish that the attorney failed

to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession, and that the breach of this duty proximately caused the plaintiff to sustain actual and ascertainable damages (*see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438 [2007]; *Theresa Striano Revocable Trust v Blancato*, 71 AD3d 1122, 1124 [2010]; *Kluczka v Lecci*, 63 AD3d 796, 797 [2009]). To establish the element of causation, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages but for the attorney's negligence (*see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d at 442; *Kluczka v Lecci*, 63 AD3d at 797; *Wray v Mallilo & Grossman*, 54 AD3d 328, 329 [2008]). The failure to demonstrate proximate cause requires dismissal of a legal malpractice action regardless of whether the attorney was negligent (*see Theresa Striano Revocable Trust v Blancato*, 71 AD3d at 1124; *Von Duerring v Hession & Bekoff*, 71 AD3d 760 [2010]; *Kluczka v Lecci*, 63 AD3d at 797).

The plaintiffs failed to demonstrate their prima facie entitlement to judgment as a matter of law because they failed to establish that any negligence on the part of the defendants in failing to move for leave to amend the complaint in the personal injury action to add the owner as a defendant, immediately upon learning of the owner's identity, was the proximate cause of their alleged damages (*see Greene v Sager*, 78 AD3d 777 [2010]; *Erdman v Dell*, 50 AD3d 627 [2008]; *see also Buran v Coupal*, 87 NY2d 173, 180 [1995]; *Flederbach v Fayman*, 57 AD3d 474 [2008]). Accordingly, the Supreme Court properly denied the plaintiffs' motion.

The Supreme Court improvidently exercised its discretion in denying, as untimely, that branch of the defendants' cross motion which was for summary judgment dismissing the complaint insofar as asserted against them. While the defendants' cross motion was made more than 120 days after the note of issue was filed and, therefore, was untimely (*see Brill v City of New York*, 2 NY3d 648 [2004]), an untimely cross motion for summary judgment may be considered by the court where, as here, a timely motion for summary judgment was made on nearly identical grounds (*see Grande v Peteroy*, 39 AD3d 590, 592 [2007]; *Lennard v Khan*, 69 AD3d 812, 814 [2010]; *Bressingham v Jamaica Hosp. Med. Ctr.*, 17 AD3d 496, 497 [2005]). In such circumstances, the issues raised by the untimely cross motion are already properly before the court and, thus, the nearly identical nature of the grounds may provide the requisite good cause (*see* CPLR 3212 [a]) to review the merits of the untimely

cross motion (*see Grande v Peteroy*, 39 AD3d at 592). Notably, a court, in deciding the timely motion, may search the record and award summary judgment to a nonmoving party (*see* CPLR 3212 [b]).

The defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the legal malpractice cause of action insofar as asserted against them by demonstrating that any negligence on their part did not proximately cause the plaintiffs' alleged damages (*see Von Duerring v Hession & Bekoff*, 71 AD3d 760 [2010]). It is true that the more than one-year delay in moving for leave to amend the complaint in the personal injury action to add the owner as a defendant, which was attributable to the defendants' failure to seek that relief, prejudiced the owner and, thus, was a sufficient basis for denying the motion for leave to amend the complaint in the personal injury action (*see Snolis v Biondo*, 21 AD3d 546 [2005]). However, the defendants demonstrated that even if they had expeditiously made such a motion in April 2003, immediately upon learning of the owner's identity, the motion could not have been granted. Specifically, they demonstrated that the plaintiffs could not have met their burden in the underlying action of establishing that an amended complaint against the owner related back to the timely complaint against Biondo, since the owner did not have notice of the plaintiffs' personal injury action within the limitations period (*see Flederbach v Fayman*, 57 AD3d at 475; *Alvarado v Beth Israel Med. Ctr.*, 60 AD3d 981, 983 [2009]; *Shapiro v Good Samaritan Regional Hosp. Med. Ctr.*, 42 AD3d 443, 444-445 [2007]; *see generally Buran v Coupal*, 87 NY2d 173, 180 [1995]). In opposition, the plaintiffs failed to raise triable issue of fact. Accordingly, that branch of the defendants' cross motion which was for summary judgment dismissing the legal malpractice cause of action insofar as asserted against them should have been granted.

In addition, the Supreme Court should have awarded the defendants summary judgment dismissing the plaintiffs' breach of contract cause of action as duplicative of the legal malpractice cause of action (*see Scartozzi v Potruch*, 72 AD3d 787, 789 [2010]; *Kvetnaya v Tylo*, 49 AD3d 608, 609 [2008]; *Campbell v Tamsen*, 37 AD3d 636, 637 [2007]; *Town of N. Hempstead v Winston & Strawn, LLP*, 28 AD3d 746, 749 [2006]; *Ferdinand v Crecca & Blair*, 5 AD3d 538, 539 [2004]). Skelos, J.P., Dickerson, Austin and Cohen, JJ., concur.