■ Eric Reisner, Respondent-Appellant, v Litman & Litman, P.C., et al., Appellants-Respondents. [944 NYS2d 189]—

In an action, inter alia, to recover damages for legal malpractice, the defendants appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Nassau County (Palmieri, J.), entered September 16, 2010, as denied that branch of their motion which was for summary judgment dismissing the first cause of action of the amended complaint, which was to recover damages for legal malpractice, and the plaintiff cross-appeals, as limited by his notice of appeal and brief, from stated portions of the same order which, inter alia, denied those branches of his cross motion which were for summary judgment on the first cause of action and so much of the fourth cause of action as sought disgorgement of attorney's fees with respect to the underlying action to recover damages for personal injuries.

Ordered that order is reversed insofar as appealed from, on the law, and that branch of the defendants' motion which was for summary judgment dismissing the first cause of action of the amended complaint, which was to recover damages for legal malpractice, is granted; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The defendants established their prima facie entitlement to judgment as a matter of law dismissing the first cause of action in the amended complaint, which was to recover damages for legal malpractice. In opposition, the plaintiff failed to raise a triable issue of fact.

To prevail on a cause of action to recover damages for legal malpractice, a plaintiff must prove that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession, and that the attorney's breach of duty proximately caused the plaintiff actual and ascertainable damages (see Leder v Spiegel, 9 NY3d 836, 837 [2007], cert denied sub nom. Spiegel v Rowland, 552 US 1257 [2008]; Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442 [2007]; Dempster v Liotti, 86 AD3d 169, 176 [2011]). The plaintiff must establish "that he or she would have succeeded on the merits of the action but for the attorney's negligence" (Dempster v Liotti, 86 AD3d at 176-177; see Kluczka v Lecci, 63 AD3d 796, 797 [2009]).

In this case, in opposition to the defendants' prima facie showing, the plaintiff failed to raise a triable issue of fact as to whether he could have prevailed had the defendants commenced a timely action on his behalf to recover damages for personal injuries against the County of Nassau. The County's Department of Public Works determined, in September 2003, that the traffic signal at the intersection where the plaintiff allegedly was injured in an accident should be rebuilt. However, the signal work was not completed until August 11, 2004. The plaintiff's accident occurred on July 18, 2004. Contrary to the determination of the Supreme Court, under the circumstances, the County was immune from liability under the doctrine of qualified immunity (*see Friedman v State of New York*, 67 NY2d 271, 283 [1986]; *Weiss v Fote*, 7 NY2d 579, 584 [1960]), as the County's delay in the rebuilding and installation of the traffic signal was not unreasonable in the context of the County's attempts to remedy a known dangerous highway condition once the decision was made to rebuild (*see Friedman v State of New York*, 67 NY2d at 284; *cf. Bresciani v County of Dutchess, N.Y.*, 62 AD3d 639, 640 [2009]; *Witkowski v Escobar*, 28 AD3d 543, 544 [2006]; *Onorato v City of New York*, 258 AD2d 633, 634 [1999]).

In the amended complaint, the plaintiff did not plead a cause of action to recover damages for legal malpractice on the ground that the defendants failed to commence a personal injury action against the County's contractor, Welsbach Electric Corp. (hereinafter Welsbach) (*cf. Boyle v Marsh & McLennan Cos., Inc.*, 50 AD3d 1587, 1588 [2008]). Nevertheless, the Supreme Court concluded that there was a triable issue of fact as to whether the plaintiff could have successfully commenced a personal injury action against Welsbach. The Supreme Court erred in addressing, sua sponte, Welsbach's potential liability. In any event, for the same reasons set forth herein with regard to the County, the plaintiff could not have prevailed had the defendants commenced a timely action on his behalf to recover damages for personal injuries against Welsbach.

The Supreme Court correctly determined that the plaintiff was not entitled to disgorgement of attorney's fees with respect to the underlying action commenced by the defendants on his behalf to recover damages for personal injuries against the driver and owner of the vehicle that struck him.

The plaintiff's remaining contentions are either without merit or not properly before this Court. Rivera, J.P., Dickerson, Leventhal and Cohen, JJ., concur. **[Prior Case History: 29 Misc 3d 1208(A), 2010 NY Slip Op 51747(U).]**