Judgment, Supreme Court, New York County (Eileen A. Rakower, J), entered August 9, 2011, dismissing the complaint, and bringing up for review an order, same court and Justice, entered July 15, 2011, which, upon reargument, granted defendants’ motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.
Defendants established their entitlement to judgment as a matter of law in this action alleging legal malpractice. Defendants submitted evidence showing that the divorce settlement, in which plaintiff achieved his goal of retaining the parties’ marital residence, was advantageous to plaintiff, and resulted in his receiving consideration that more than compensated him for the allegedly unforeseen tax consequences of liquidating his Keogh account (see e.g. Kluczka v Lecci, 63 AD3d 796, 798 [2d Dept 2009]). Defendants also submitted evidence demonstrating that the subject tax consequences were discussed with plaintiff during the course of the settlement negotiations.
In opposition, plaintiff failed to raise a triable issue of fact. His argument that if he had been properly advised on the tax consequences, he would have reached a better settlement or outcome after trial, is speculative (see Kluczka at 798). Plaintiff failed to take into account the benefits he received in the actual settlement, including buying out his wife’s share of the marital residence based on an outdated appraisal that assigned a value that was significantly lower than the actual value at the time the agreement was executed. Moreover, plaintiff failed to provide proof of any ascertainable actual damages sustained as a result of the alleged negligence (see Lavanant v General Acc. Ins. Co. of Am., 212 AD2d 450 [1st Dept 1995]).
*581 Under the circumstances presented, plaintiff’s claim for disgorgement of legal fees already paid was properly dismissed (see Reisner v Litman & Litman, P.C., 95 AD3d 858 [2d Dept 2012]; compare Boglia v Greenberg, 63 AD3d 973, 976 [2d Dept 2009]). Concur — Gonzalez, EJ., Sweeny, Renwick, ManzanetDaniels and Román, JJ. [Prior Case History: 2011 NY Slip Op 31983(U).]