In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Demarest, J.), dated May 31, 2012, as granted the defendants’ cross motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed insofar as appealed from, with costs.
The plaintiff, Parklex Associates (hereinafter Parklex), a limited partnership, was formed to acquire, own, and operate a Manhattan office building (hereinafter the premises). Parklex’s general partner was Parklex Associates, Inc. (hereinafter PAI), which originally held a 1% interest in Parklex. Fred Deutsch eventually became president of PAI and assumed full control over PAI, and he also secured an existing wraparound mortgage on the premises. On May 6, 2006, Parklex sold the premises for approximately $55 million (see Scher Law Firm v DB Partners I LLC, 27 Misc 3d 1230[A], 2010 NY Slip Op 50975[U] [Sup Ct, Kings County 2010]). After the closing, Deutsch and PAI distributed some of the sale proceeds to the other partners of the plaintiff, and kept approximately $32,300,000 (see Matter of Scher Law Firm, LLP v DB Partners I, LLC, 97 AD3d 590 [2012]).
On May 11, 2006, an action was commenced by Diedrich Holtkamp, a limited partner in Parklex against, among others, Parklex, alleging, inter alia, breach of the limited partnership agreement (hereinafter the Holtkamp action). In June 2006, the plaintiff in the Holtkamp action moved to restrain the defendants in that action from secreting, wasting, withdrawing, using, *969 or depleting the assets of Parklex. In opposition to the motion, Fred Deutsch submitted an affidavit to the court outlining what he described as a “debt-to-equity conversion defense,” by which he claimed that at some point before the sale of the premises, he converted the wraparound mortgage interest debt in the premises into a 95% interest in Parklex.
In July 2006, an amended complaint was filed in the Holtkamp action listing 15 limited partners of Parklex as plaintiffs suing on behalf of themselves and all others similarly situated. The defendants included Parklex, PAI, and Deutsch, and a number of Deutsch’s affiliates. The complaint also included a number of causes of action against Sukenik Segal & Graff (hereinafter SS&G), the law firm representing PAI in the Holtkamp action. As a result of SS&G becoming a party in the Holtkamp action, in August and September 2006, the defendant Flemming Zulack Williamson Zauderer, LLP (hereinafter FZWZ), was retained to represent Parklex, PAI, Deutsch, and two corporate entities affiliated with Deutsch. On February 9, 2007, Parklex substituted another law firm for FZWZ as its counsel in the Holtkamp action. FZWZ continued to represent Deutsch and his affiliates after it stopped representing Parklex. While represented by FZWZ, Deutsch and one of his affiliates asserted claims against Parklex in the Holtkamp action.
In August 2007, the parties to the Holtkamp action commenced settlement negotiations during a litigation moratorium, resulting in a global settlement which was approved by the court on April 13, 2009. The settlement provided, inter alia, that the plaintiffs therein withdrew any objection to the debt-to-equity conversion claim and that the interest in the limited partnership conveyed to “Fred [Deutsch] and/or his designee in exchange for a portion of the Partnership’s indebtedness under the Wrap Note, pursuant to the Debt to Equity Conversion Claim, did not exceed forty-nine and one-half percent (49V2%) of the total Partnership Interests.” The settlement further delineated the resultant partnership interests of the various parties, prefaced by the statement that Parklex and PAI “assert, and the [limited partners] do not contest, that as of January 1, 1998, after the deemed application of the Debt to Equity Conversion Claim, the partnership interests in Parklex were owned as follows.” Deutsch, along with other defendants who were responsible for payments under the settlement, defaulted on the settlement, and the plaintiffs in the Holtkamp action eventually obtained a judgment by confession against Deutsch in excess of $15 million.
Parklex commenced this action against FZWZ and two of its *970 partners based on their representation of Parklex, PAI, and Deutsch and his affiliates in the Holtkamp action, to recover damages for legal malpractice, breach of fiduciary duty, and aiding and abetting a breach of fiduciary duty and fraud. Parklex moved to dismiss eight of the defendants’ affirmative defenses, and the defendants cross-moved for summary judgment dismissing the complaint. The Supreme Court, inter alia, granted the defendants’ cross motion.
“In an action to recover damages for legal malpractice, a plaintiff must demonstrate that the attorney ‘failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession’ and that the attorney’s breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages” (Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442 [2007], quoting McCoy v Feinman, 99 NY2d 295, 301-302 [2002]; see Keness v Feldman, Kramer & Monaco, P.C., 105 AD3d 812 [2013]). To establish causation, the plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the attorney’s negligence (see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d at 442; Bells v Foster, 83 AD3d 876 [2011]). To succeed on a motion for summary judgment, a defendant in a legal malpractice action must establish that the plaintiff is unable to prove at least one of these essential elements (see Affordable Community, Inc. v Simon, 95 AD3d 1047 [2012]; Alizio v Feldman, 82 AD3d 804 [2011]; Conklin v Owen, 72 AD3d 1006 [2010]).
The defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging legal malpractice by establishing, prima facie, that their conduct was not a proximate cause of Parklex’s alleged damages (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; see also Von Duerring v Hession & Bekoff, 71 AD3d 760 [2010]; Degree Sec. Sys., Inc. v F.A.B. Land Corp., 17 AD3d 402, 402-403 [2005]). The defendants demonstrated, prima facie, that any alleged malpractice did not cause Parklex to sustain actual and ascertainable damages. In opposition, the expert affidavit submitted by Parklex failed to address the issue of proximate cause, and it otherwise failed to demonstrate how the limited partners would have prevailed on their application to have the proceeds from the sale of the premises placed in an escrow account but for the negligence of the defendants. Consequently, Parklex failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d at 324). Thus, the Supreme Court properly granted that branch of the defendants’ cross motion which was *971 for summary judgment dismissing the cause of action alleging legal malpractice.
The Supreme Court also properly granted that branch of the defendants’ cross motion which was for summary judgment dismissing the cause of action alleging breach of fiduciary duty. Parklex alleged that the defendants breached their fiduciary duty by continuing to represent Deutsch after Deutsch and one of his affiliates asserted claims against it in the Holtkamp action. The defendants established their prima facie entitlement to judgment as a matter of law dismissing this cause of action by demonstrating that Parklex never sought to disqualify FZWZ from representing Deutsch and his affiliates in the Holtkamp action after FZWZ discontinued representing it in that action. Parklex’s failure to seek to disqualify FZWZ from representing its adversary in the Holtkamp action constituted a waiver of its objection to FZWZ’s legal representation (see Hele Asset, LLC v S.E.E. Realty Assoc., 106 AD3d 692 [2013]). In opposition to this prima facie showing, Parklex failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d at 324).
The Supreme Court properly granted that branch of the defendants’ cross motion which was for summary judgment dismissing the cause of action alleging aiding and abetting a breach of fiduciary duty. The defendants established their prima facie entitlement to judgment as a matter of law dismissing this cause of action by adducing evidence establishing that they did not knowingly induce or participate in any breach of fiduciary duty perpetrated by Deutsch against Parklex (see Roni LLC v Arfa, 15 NY3d 826 [2010]; Baron v Galasso, 83 AD3d 626 [2011]; Global Mins. & Metals Corp. v Holme, 35 AD3d 93, 101 [2006]; Kaufman v Cohen, 307 AD2d 113, 125 [2003]). In opposition to this prima facie showing, Parklex failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d at 324).
The Supreme Court also properly granted that branch of the defendants’ cross motion which was for summary judgment dismissing the cause of action alleging aiding and abetting a fraud based on the doctrine of judicial estoppel. Parklex alleged that by asserting the so-called debt-to-equity conversion defense on behalf of Deutsch and his affiliates in the Holtkamp action, the defendants assisted Deutsch in perpetrating a fraud. However, in accepting a settlement in the underlying Holtkamp action, which was approved by the Supreme Court, Parklex agreed that Deutsch and/or his designee obtained additional interest in the partnership based on the debt-to-equity conversion defense asserted by Deutsch. Accordingly, under the doctrine of judicial estoppel, Parklex cannot now assert that the *972 debt-to-equity conversion defense, which was never adjudicated, was a fraud which the defendants knowingly helped Deutsch perpetrate (see State Farm Mut. Auto. Ins. Co. v Chandler, 35 AD3d 588 [2006]).
Parklex’s remaining contentions are without merit.
Skelos, J.E, Leventhal, Chambers and Maltese, JJ., concur.