| |
|---|
| **Citdel Med. Mgt., Inc. v Statcare Urgent & Walk in Med., PLLC** |
| 2026 NY Slip Op 31044(U) |
| March 16, 2026 |
| Supreme Court, Kings County |
| Docket Number: Index No. 514685/2023 |
| Judge: Reginald A. Boddie |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Commercial Part 12 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, located at 360 Adams Street, Borough of Brooklyn, City and State of New York on the 16th day of March 2026.

PRESENT:
Honorable Reginald A. Boddie
Justice, Supreme Court

-------------------------------------------------------------------x

CITADEL MEDICAL MANAGEMENT, INC.,                    Index No. 514685/2023

             Plaintiff,

               -against-                    MS 3-4

STATCARE URGENT & WALK IN MEDICAL, PLLC,

             Defendant.                    **Decision and Order**

-------------------------------------------------------------------x

The following e-filed papers read herein:          NYSCEF Doc Nos.
MS 3                                               108-119; 124-146; 149
MS 4                                               150-180

Upon the foregoing papers, the motion by defendant Statcare Urgent & Walk In Medical, PLLC ("Statcare") seeking an order granting it summary judgment dismissing plaintiff's complaint; and plaintiff's cross-motion seeking summary judgment on its claims for breach of contract and breach of the implied duty of good faith and fair dealing are decided as follows:

### Background

On or about October 15, 2021, Statcare and plaintiff, Citadel Medical Management, Inc. ("Citadel") entered into a Management Services Agreement (the "MSA"). Pursuant to section 1.1 of the MSA, Statcare engaged Citadel to provide Management Services (as defined in section 2.1)

1

[* 1]

at Statcare's medical office located at 3805 Church Avenue in Brooklyn, New York. Pursuant to section 4.1 of the MSA, the parties agreed that the initial Services Fee for the services provided by Citadel to Statcare would be $40,000.00 per month for the first year of the agreement. Under section 4.3, the Services Fee is subject to annual adjustment "in order to take into account any changes in the fair market value of the Management Services provided or other material events" and that the adjusted Services Fee is to be "adjusted retroactively to the appropriate anniversary." Section 4.3 of the MSA further provides that if the parties "are not able to reach agreement on the annual adjustment to the Services Fee, then either party shall have the right to terminate this Agreement upon not less than (90) days' notice to the other party."

According to Citadel, in August 2022, several months before October 15, 2022, which was the "Adjustment Date" under the MSA, it approached Statcare regarding adjusting the Services Fee, which was met with silence. Thereafter, on November 2, 2022, Citadel asserts that it sent Statcare an email, via Priti Jain, stating that Citadel had obtained a fair market value report from La Penna Group ("La Penna Report") regarding the management fee between the parties and that Citadel wished to negotiate the management fee for the upcoming year. Pursuant to the La Penna Report, the fair market value of the monthly services provided to Statcare was between $80,000 and $90,000. Statcare purportedly refused to respond to Citadel's correspondence and further failed to respond to several follow-up emails sent to it.

Approximately five months later, by letter dated January 31, 2023, Statcare's counsel informed Citadel that Statcare did "not view the La Penna Opinion as a valid or reliable reflection of the fair market value of the Management Services provided under the MSA, or, for that matter, even a "good faith" starting point for discussion" and that "the proper adjustment should be significantly lower than the existing one." Approximately one month later, Statcare sent Citadel a report prepared by the Veralon Group which reviewed the La Penna Report and opined that such

2

[* 2]

report was "not credible" and "not in conformity with generally accepted appraisal practices normally relied upon by business appraisers in the United States."

According to Citadel, the parties met on May 1, 2023 and May 16, 2023 to discuss the Services Fee. Statcare offered a Services Fee of $10,000 per month based on a purported decrease in patient volume. The parties did not have any further negotiations thereafter. By letter dated June 1, 2023, Statcare notified Citadel that, pursuant to Section 4.3 of the MSA, Statcare was "exercising its right to terminate the MSA effective in ninety (90) days based upon the failure of Citadel and Statcare to reach an agreement on the annual adjustment of the Services Fee pursuant to the MSA." By Letter dated June 2, 2023, Citadel notified Statcare that Citadel was terminating the MSA pursuant to section 4.3 of the MSA, 90 days after receipt, as defined in section 9.6 of the MSA.

### Statcare's Motion for Summary Judgment

In moving for summary judgment dismissing the complaint, Statcare argues that Citadel's breach of contract claim is unviable because the parties mutually terminated the MSA, thereby precluding any claim for damages past August 30, 2023. As for whether Citadel is entitled to any Services Fees for the period from October 15, 2022 to August 30, 2023, a period of approximately 10 months, Statcare argues Citadel has no admissible evidence to establish that it is owed any additional Services Fees because its witness, Tamara Moise, D.O. ("Moise"), one of the principals of Citadel, repeatedly confirmed at her deposition that the determination of the fair market value of Citadel's services and the annual adjustment to the Services Fee was not her "line of work" or "line of expertise" and that she would need to defer to experts. However, that Citadel has not identified any experts or consultants in this case to testify at the trial and the time to do so has long since expired. Based on the foregoing, Statcare contends Citadel cannot prove its damages. In addition, to the extent Citadel seeks to recoup lost future profits for the remaining three-year term

3

[* 3]

of the MSA, Statcare submits such claim is refuted by the undisputed mutual termination of the MSA by both parties.

Regarding Citadel's second cause of action for breach of the implied covenant of good faith and fair dealing, Statcare argues that the claim is duplicative of the breach of contract claim and should be dismissed. In addition, Statcare contends that the claim for punitive damages tied to Citadel's breach of the covenant of good faith and fair dealing claim is unsustainable since there is no proof that Statcare ever acted in bad faith and Citadel cannot establish the extreme conduct necessary to justify a claim for punitive damages.

Lastly, regarding Citadel's third cause of action for unjust enrichment, Statcare argues that the claim must be dismissed as it is premised on the same facts as the breach of contract claim and seeks the same damages. Moreover, because it is undisputed that the parties' relationship is governed by a written agreement, the MSA, that the unjust enrichment claim is precluded.

*Citadel's Motion for Summary Judgment*

In opposition, Citadel contends that it suffered direct damages resulting from Statcare's refusal to negotiate the Services Fee in good faith, and by underpaying or failing to pay the Services Fee at all which constituted a material breach of the MSA. In this regard, Citadel, by way of Moise's affidavit, avers that Statcare underpaid the Services Fee from October 2022 through April 2023, and did not pay the Services Fee at all for the months of May 2023, June 2023, July 2023, August 2023, and September 2023. According to Citadel, because the only independent appraisal of the Services Fee valued Citadel's services at between $80,000 and $90,000 per month, Statcare underpaid the Services Fee from October 2022 to Apil 2023 by paying only $40,000 per month. Based on the foregoing, Citadel argues that it has established Statcare's breach of the MSA as a matter of law.

4

In addition, Citadel contends that Statcare's refusal to meet to negotiate for nine months was intended to avoid the Services Fee adjustment as outlined in the MSA, and that this constitutes a breach of the implied duty of good faith and fair dealing. Although there is some overlap in the facts alleged, Citadel asserts that this claim is based upon Statcare's failure to negotiate in good faith, rather than simply underpaying or not paying at all the Services Fee.

In opposition to Citadel's motion for summary judgment, in addition to, among other things, reiterating that Citadel has not and cannot offer any evidence in admissible form sufficient to establish the alleged damages for any of its claims, Statcare argues that Citadel's cross-motion is untimely since dispositive motions were to be filed 60 days after the note of issue date, which was December 16, 2025, but that Citadel failed to file its cross-motion until March 2, 2026.

### Discussion

It is well established that summary judgment is granted when "the proponent makes a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact, and the opponent fails to rebut that showing" (*Brandy B. v Eden Cent. School Dist.*, 15 NY3d 297, 302 [2010] [*quoting Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]]). Once the proponent has made a prima facie showing, the burden then shifts to the motion's opponent to present evidentiary facts in admissible form sufficient to raise a genuine, triable issue of fact (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). If there is any doubt as to the existence of a triable fact, the motion for summary judgment must be denied (*Morejon v New York City Tr. Auth.*, 216 AD3d 134, 136 [2d Dept 2023] [citations omitted]).

"The essential elements of a breach of contract cause of action are the existence of a contract, the plaintiff's performance under the contract, the defendant's breach of that contract, and resulting damages" (*1470 39th St., LLC v Goldberg*, 226 AD3d 853, 854 [2d Dept 2024

5

[citations omitted]). A written agreement that is complete, clear, and unambiguous on its face must be enforced to give effect to the meaning of its terms and the reasonable expectations of the parties (*Gertler v Davidoff Hutcher & Citron LLP*, 186 AD3d 801, 805 [2d Dept 2020] [citations omitted]).

Here, the MSA is unambiguous. Yet neither party is seeking to enforce the MSA as written. Rather, both Statcare and Citadel seek an adjusted Services Fee despite having failed to reach a consensus regarding the fee in the amounts of $10,000 and $85,000 per month, respectively. Nevertheless, Citadel established Statcare's breach of the MSA as a matter of law. Statcare fails to dispute that it only paid a Services Fee in the amount of $10,000 for May 2023. Further, Statcare fails to dispute that it did not pay a Services Fee at all for the months of June, July and August 2023. The foregoing constitutes a breach of the MSA as Statcare was obligated to pay Citadel $40,000 per month until termination of the MSA. Given the mutual termination letters dated June 1, 2023 and June 2, 2023, it would seem that the MSA terminated by the end of August 2023. However, Citadel also seeks a Services Fee for September 2023. Given this discrepancy as well as the amount sought by Citadel, Citadel is granted summary judgment as to liability only regarding its breach of contract claim.

To the extent Statcare asserts that Citadel's untimely cross-motion for summary judgment should not considered, the court notes that, in deciding a timely motion for summary judgment, it may search the record and award summary judgment to a nonmoving party (*see* CPLR 3212 [b]; *see also Snolis v Clare*, 81 AD3d 923, 926 [2d Dept 2011]). The court may also consider an untimely cross-motion where, as here, a timely motion for summary judgment was made on nearly identical grounds (*Snolis v Clare*, 81 AD3d at 925).

As for Citadel's second cause of action, "[t]he implied covenant of good faith and fair dealing is a pledge that neither party to the contract shall do anything which will have the effect

6

[* 6]

of destroying or injuring the right of the other party to receive the fruit of the contract, even if the terms of the contract do not explicitly prohibit such conduct" (*25 Bay Terrace Assoc., L.P. v Public Serv. Mut. Ins. Co.*, 144 AD3d 665, 667 [2d Dept 2016]). The elements of a breach of an implied covenant of good faith and fair dealing claim are: a specific implied contractual obligation, a breach of that obligation by the defendant, and resulting damage to the plaintiff (*see Tuscan/Lehigh Dairies, Inc. v Beyer Farms, Inc.*, 136 AD3d 799, 802 [2d Dept 2016]). A breach of the implied covenant claim is not duplicative of a breach of contract claim if it relies on different facts and seeks damages different from the contract claim, even though there may be an overlap in the facts alleged (*see New York Botanical Garden v Allied World Assur. Co. (U.S.) Inc.*, 206 AD3d 474, 476 [1st Dept 2022]).

Here, Citadel demonstrated that Statcare had an implied duty to negotiate in good faith regarding the Services Fee adjustment. Citadel further demonstrated that Statcare breached that obligation by ignoring Citadel's attempts to discuss the adjustment until nearly nine months later. However, Citadel fails to establish any damages resulting from the foregoing. Thus, that portion of Citadel's motion seeking summary judgment on its claim for breach of the implied covenant is denied. Since this claim remains, that portion of Statcare's motion seeking dismissal of Citadel's claim for punitive damages is denied (*see Perlbinder v Vigilant Ins. Co.*, 190 AD3d 985, 989 [2d Dept 2021] [stating that a breach of the implied covenant of good faith and fair dealing may support an award of punitive damages]).

Lastly, that part of Statcare's motion seeking summary judgment dismissing Citadel's cause of action for unjust enrichment is granted. It is undisputed that a contract governs this dispute. As such, recovery under an unjust enrichment theory is precluded (*Woodmere Rehabilitation & Health Care Ctr., Inc. v Zafrin*, 2021 197 AD3d 1263, 1268 [2d Dept 2021]).

**7**

[* 7]

## Conclusion

Based on the foregoing, the parties' motions seeking summary judgment is granted to the extent indicated herein. The motions are otherwise denied. Any argument not explicitly addressed herein was considered and either deemed to be without merit or unnecessary to address in light of the court's determination herein. This matter is scheduled for a virtual conference on April 14, 2026, at 9:30 AM to select dates for trial.

E N T E R:

Honorable Reginald A. Boddie
Justice, Supreme Court

**HON. REGINALD A. BODDIE**
**J.S.C.**

**8**